## FERGUSON v. VILLAGE OF WAVERLY.

(Supreme Court, Appellate Division, Third Department. November 11, 1908.)

MUNICIPAL CORPORATIONS (§ 791*) — DEFECTIVE SIDEWALKS — CONSTRUCTIVE NOTICE.

    To charge a municipality with notice of a defect in a sidewalk, the defect must exist for such time as to enable the authorities to learn of it and to repair it, and the existence for less than an hour in the nighttime of a defect in a sidewalk, consisting in a removed plank, does not show negligence.

    [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1648; Dec. Dig. § 791.*]

Appeal from Trial Term, Tioga County.

Action by Willard W. Ferguson, by Frank Maytham, his guardian ad litem, against the village of Waverly. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed, and new trial granted.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Frank A. Bell, for appellant.
Frederick E. Hawkes, for respondent.

SEWELL, J. The action is brought to recover damages for an injury to the plaintiff occasioned by a fall upon a sidewalk on Broad

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

street, in the village of Waverly. The principal question with which this court has to deal is whether the evidence was of such a character as to warrant a finding by the jury of negligence on the part of the defendant.

There is little, if any, conflict in the evidence on this point. It appeared that the plaintiff was passing over this walk, when he stepped or slipped into a hole, and broke his leg. The evidence on the part of the plaintiff tended to show that some time prior to the accident some of the planks were broken and rotten; that about two months before the accident the attention of the street commissioner was called to that fact, and new planks were put in. It did not appear that the defect in the sidewalk through which the plaintiff received his injury was one resulting from the wear and tear of ordinary use, or from natural decay. On the contrary, it was undisputed that the accident would not have occurred but for the fact that a plank had been removed from the walk by the willful act of some persons unknown. There was no proof that the defendant had any actual notice of the defect, or that it had existed for a sufficient time to charge it with constructive notice. The contrary was proved. The evidence clearly and undisputedly shows that all of the planks were in place the day preceding the night of the accident. The evidence does not very clearly establish just when the plank was removed; but it is unquestionably sufficient to warrant the conclusion that it was less than an hour before the accident. Each of the defendant's witnesses, Lewis F. Lord, George Legg, Adelbert Smith, and Wesley H. Brougham, testified that he passed over the walk between 11 and 12 of the night in question; that the walk was in good condition, no plank was broken or had been taken away, and there was no hole in the walk.

There is no arbitrary rule of law that charges a municipality with constructive notice of a defect, after a lapse of a certain time, under all circumstances. The rule is that the defect must exist for such a length of time as to enable the municipal authorities to learn of its existence and to repair it. A village is responsible only for the failure to discover a defect within a reasonable time. The defect must become known and notorious, and the municipality must have full opportunity, through its agents, to learn of its existence and repair it, to impute notice and charge it with negligence. Todd v. City of Troy, 61 N. Y. 506. We are of the opinion that the interval between the removal of the plank and the accident was too short a time for the defect to become known and notorious, and that it would be manifestly unreasonable and unjust under such circumstances to impute negligence to the defendant.

. The judgment against the defendant should therefore be reversed, and a new trial granted, with costs to abide the event. All concur.