JOSHUA B. WHITE, Claimant, *v.* THE STATE OF NEW YORK.

Claim No. 16671.

(State of New York, Court of Claims, December, 1920.)

Damages — when claim for, dismissed — highways — evidence — negligence.

>   The state is only bound to exercise reasonable prudence in taking care of its highways. (P. 601.)

>   Claimant in broad daylight was driving his motorcycle along a state highway maintained under the patrol system. By reason of a depression in the left side of the roadway, the motorcycle was deflected in its course and claimant went beyond the edge of the paved road and, because of another depression or a drop of about seven inches, he was thrown and sustained injuries. He testified that at the time of the accident, the dirt part of the road was muddy but no claim was made that the state had actual notice of the depression and there was no evidence as to the time the alleged defects in the highway, the cause of the accident, had existed, nor was there any evidence showing the breadth of the depression where claimant was injured. *Held,* that it appearing that he had a level and straightaway course and a brick surfaced road sixteen feet wide and that there was no reason why he should be on the extreme left of the road at the time, his claim for damages should be dismissed.

CLAIM for damages by reason of injuries sustained upon a state highway.

Benjamin W. Loring and Martin S. Lynch, for claimant.

Charles A. Clark, deputy attorney-general, for state of New York.

MORSCHAUSER, J.   The claimant filed a claim against the state of New York alleging that he was injured on the 23d day of September, 1919, by reason of the negligence of the state of New York in failing to properly maintain its highway, and for defects therein, which highway is located in the town of Owego, Tioga county, and runs in a northerly direction from the village of Owego to a settlement known as Flemingville, and that the accident took place at a point about 800 feet southerly of a bridge known as Turner's bridge.   The highway on which the claimant alleges that he was injured was maintained under the patrol system of the state; and is a brick-surfaced highway and has at either side a heading which is a strip of concrete something like four inches in width; and outside of this heading the road is a dirt road for about four feet in width.   The brick surface, including the heading of the roadway, is 16 feet in width.   The highway at the place of the accident for many feet in either direction is straight and substantially level.   The claimant was traveling in a northerly direction riding on a motorcycle.   The claimant claims there were a number of depressions in the surface of the roadway.   In riding his motorcycle he was driving it so as to avoid these depressions; and by reason of one of these depressions being on his left, or the westerly side of the road, the course of his motorcycle was deflected and he went beyond the edge of the paved road; and at that point there was a depression or a drop of about seven inches; and by reason of this condition he was thrown and severely injured.   It was shown upon the trial that none of the depressions in the surface of the roadway in the immediate neighborhood where the plaintiff was injured were beyond an inch in depth, the evidence being that the depressions varied from one-quarter of an inch to an inch in depth, and that the public using

the highway drove upon the dirt road, and frequently when the weather was wet caused a gouging out of the dirt so as to leave a shoulder varying in depth. The evidence of the claimant upon the trial, and his allegation in the claim, was that at the point where he was injured the depression in the dirt road immediately adjacent to the heading of the brick pavement was about seven inches in depth. This, the claimant gave as his estimate; it was not measured. Another witness called by the claimant testified that it was from eight to ten inches in depth; that this condition was seen by him after the accident. There was no evidence offered upon the trial giving the breadth of this depression where the claimant was injured, and no evidence showing the length of time that this condition had existed. The claimant attempted to prove that an accident had happened before but the witness did not state that it happened at this point; and his testimony as to the former accident was only hearsay. There was no evidence upon the trial showing that this condition, which the claimant says existed, had caused any other accident. The claimant was seriously and permanently injured.

The accident happened in broad daylight. The state is not liable for any neglect of its servants or officers unless by legislative enactment it assumes such liability; and the only enactment with respect to highways where such liability is assumed is contained in chapter 30, Laws of 1909, section 176, which reads as follows: " The state shall not be liable for damages suffered by any person from defects in state and county highways except such highways as are maintained by the state by the patrol system, but liability for such damages shall otherwise remain as now provided by law."

Section 264 of the Code of Civil Procedure which

confers jurisdiction upon the Court of Claims provides: "In no case shall any liability be implied against the state, and no award shall be made on any claim against the state except upon such legal evidence as would establish liability against an individual or corporation in a court of law or equity." So that the state can only be liable for defects in the highway measured by the same rules of liability as would exist between individuals or against municipalities.

The state at that time maintained this highway by the patrol system, and had a patrolman and other employees in charge of this highway, and in charge of its repairs and maintenance. Municipalities in the care of their highways are liable to anyone injured by their failure to use ordinary care and for their failure to use reasonable caution in the maintenance and repair of their highways. The state at this point had many miles of state highways under the patrol system; and we do not believe it can be said the state was negligent in failing to change the condition that existed at the time the claimant was injured. It is only supposed to use ordinary prudence and care in the maintenance and repair of its highways, and is not called upon—and neither are municipalities—to exercise that high degree of care which would make them substantially insurers of the safety of the public in traveling upon its highways.

The depression, as was shown by the testimony, came about through the use of the public by wagon wheels running between the shoulder of the surfaced highway and the dirt road when the ground was wet. This condition was brought about by the use and wear of the road; and as there was no evidence in the case showing the breadth of this depression or the duration of it, it cannot be said that the condition was left there for so long a time as to charge the state with negli-

gence. To make a municipality liable for injuries for defects in its highway it must have had either actual or constructive notice of the defect. There is no claim in this case that the state had any actual notice of the condition; and there is no proof showing that the condition existed for a sufficient length of time to give constructive notice. The alleged defect that existed in the highway at the point where the claimant was injured was not such a condition as would ordinarily call to the attention of a person the fact that it was dangerous or unsafe for public travel. The accident which happened to the claimant could not reasonably have been anticipated. He had sixteen feet of roadway that was substantially safe; and the only defects that existed at the time were slight depressions at different places which were not sufficient in depth or extent to make it dangerous for use by persons traveling on the highway. As the evidence showed, the condition that existed at the time of the injury was brought about by the use of the dirt road by persons driving so near the shoulder of the surfaced road as to wear the dirt road down. As was said in *Matter of Beltz* v. *City of Yonkers,* by Judge O'Brien, writing the opinion in the Court of Appeals: " If the existence of such a defect is to be deemed evidence of negligence on the part of a city, then there is scarcely any street in any city that is reasonably safe within the rule, and when accidents occur the municipality must be treated, practically, as an insurer against accidents in its streets. The law does not prescribe a measure of duty so impossible of fulfillment or a rule of liability so unjust and severe. It imposes upon municipal corporations the duty of guarding against such dangers as can or ought to be anticipated or foreseen in the exercise of reasonable prudence and care. But when an accident happens by reason of some slight

defect from which danger was not reasonably to be anticipated, and which, according to common experience, was not likely to happen, it is not chargeable with negligence. (*Hubbell* v. *Yonkers,* 104 N. Y. 434; *Hunt* v. *Mayor, etc.,* 109 N. Y. 134; *Goodfellow* v. *Mayor, etc.,* 100 N. Y. 15; *Clapper* v. *Town of Waterford,* 131 N. Y. 382; *Craighead* v. *Brooklyn City R. R. Co.,* 123 N. Y. 391; *Lane* v. *Town of Hancock,* 142 N. Y. 510.)'' See *Beltz* v. *City of Yonkers,* 148 N. Y. 71.

Defects of a trivial character, irregularities and slight depressions in highways are caused and created by constant use; and it cannot be said that municipalities which are charged with the care of highways are liable for defects of this nature or liable for a failure to remedy them. The law never intended to cast a burden of this extent upon municipalities in the care of highways. *Butler* v. *Village of Oxford,* 186 N. Y. 444; *Hamilton* v. *City of Buffalo,* 173 id. 72; *Terry* v. *Village of Perry,* 199 id. 79; *Gastel* v. *City of New York,* 194 id. 15; *Flansburg* v. *Town of Elbridge,* 205 id. 423.

Where a municipality was sued for negligence, and it appeared that a hole or rut in a town highway ten inches deep was caused by the natural wear of wagon wheels in the spring of the year, it was held that this was not such a defect as called for repairs to the route by the highway commissioner. *Osterhout* v. *Town of Bethlehem,* 55 App. Div. 198.

'' Reasonable care in the construction and maintenance of highways is the measure of duty resting upon the highway commissioner of a town, and municipalities are not liable for injuries resulting from accidents which are not, by the exercise of reasonable forethought and prudence, to be anticipated.

''A commissioner of highways owes no larger measure of duty to bicycle riders than to persons traveling

upon the highways on ordinary vehicles; he is only bound to keep the highways in a condition which is reasonably safe for general and ordinary travel.

"The fact that a gutter was constructed on a country highway, two and one-half feet below the crown of the road, with a vertical side of a foot or eighteen inches next to the roadway, with no rail or guard erected between the gutter and the road, does not render the road unsafe for travel in ordinary vehicles, and on foot, where the highway was twenty-five feet wide, in good order, and safe for the ordinary use of a highway.

"When a bicycle rider fails to observe conditions which are open to his observation, and which he could have seen if he had looked, if an accident results therefrom he is guilty of such carelessness as deprives him of the right to recover for his injuries." *Sutphen* v. *Town of North Hempstead,* 80 Hun, 409.

The conditions that existed at the time of the claimant's accident were not such defects from which it could reasonably be anticipated an accident would occur. It seems to us that an ordinarily prudent person would not have expected such an accident at this location.

We do not think that the state is called upon to do any more than to exercise reasonable care and prudence in the care of its highways; and in view of the fact that there is no evidence in this case showing the time that the alleged defects existed which the claimant asserts caused the accident, and that there is no evidence in the case showing the breadth of the depression, and the testimony of the claimant was to the effect that the dirt part of the road at that time was muddy, and also the fact that he had a level and straightaway course and a brick-surfaced road of sixteen feet in width and that there was no obstruc-

Surrogate's Court, Westchester County, December, 1920.   [Vol. 113.

tion or other reasons why he should be on the extreme left of the road at that time, the claimant has failed to establish that the state was negligent or that he was free from contributory negligence.

The case should, therefore, be dismissed.

ACKERSON, P. J., concurs.

Claim dismissed.