SARAH AGNES O'TOOLE, Respondent, *v.* THOUSAND ISLAND PARK ASSOCIATION, Appellant.

Fourth Department, June 29, 1923.

Negligence — action to recover for injuries suffered by plaintiff when she tripped on loose board in sidewalk maintained by defendant and fell — sidewalk had been recently repaired — board was loosened about two days before accident by third person not employed by defendant — defendant did not have actual or constructive notice of defect — verdict for plaintiff is against evidence.

The plaintiff while walking on a sidewalk in a remote place in defendant's park at the Thousand Islands, tripped on a loose board and fell suffering injuries, to recover damages for which this action is brought. The sidewalk had been thoroughly repaired less, than two months before the accident and contained no loose boards prior to about two days before the accident, when a third person not employed by the defendant loosened two boards. The defendant did not have any actual notice prior to the accident that the boards had been loosened.

Prior to the accident the surface of the walk was smooth and there was nothing to indicate that it was defective or that it contained loose boards and no previous accident had ever occurred on the walk.

*Held*, that in view of the recent repairing of the sidewalk and that it was apparently sound, the defendant was not bound to anticipate that an accident would occur there, and that the removal of the boards by the third person did not take place at such a length of time before the accident as to charge the defendant with constructive notice of the defect. Furthermore, the verdict of the jury that the defendant was negligent was contrary to and against the weight of the evidence.

APPEAL by the defendant, Thousand Island Park Association, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Onondaga on the 1st day of November, 1922, upon the verdict of a jury for $2,250, and also from an order entered in said clerk's office on the same day, denying defendant's motion for a new trial made upon the minutes.

*Nottingham, Clymer, Smith & Kingsley* [*J. E. Kingsley* of counsel], for the appellant.

*Alvord & Brewster* [*D. Eaton Alvord* of counsel], for the respondent.

CLARK, J.:

This action is to recover damages for personal injuries sustained by plaintiff by falling on a sidewalk maintained by defendant at its park on an island in the St. Lawrence river. The accident occurred about four-thirty o'clock on the afternoon of Sunday, August 7, 1921.

Defendant is a corporation and owns and operates the Thousand Island Park. In the park it maintains a system of sidewalks for the use of its patrons and visitors to the island.

The wooden sidewalk on which plaintiff sustained her fall is maintained by defendant. It is located in a somewhat remote portion of the park, and while it is used to some extent by visitors and tenants at the park, it is less frequently used than other walks which are more centrally located.

The walk where plaintiff was injured was constructed of pine boards nailed to hard pine stringers. It could be found from the evidence that defendant had caused this walk to be thoroughly repaired in June, 1921, less than two months before the accident. New stringers had been put down and only sound boards from the old walk had been replaced in it.

Plaintiff and a lady friend went over this walk shortly before the accident. The surface was smooth and all boards in place, and no defects were discovered. They went a few feet beyond the place of the accident, and then retraced their steps when suddenly plaintiff tripped on a loose board which her companion had evidently stepped on causing it to tip up.

On the previous Friday evening, and about forty-four hours before the accident occurred, a third party, not employed by defendant, pulled up two boards in this walk in an endeavor to find a coin some boys had lost there. He replaced and tamped them, but it was dark and he had nothing but a stone to work with, but the boards were replaced so that no defects were observable, although it was evident the boards were not securely nailed.

Plaintiff undoubtedly tripped on one of the boards that had been removed by this third party, for they were the only loose ones in the walk.

No actual notice of the disturbing of these boards had been given to defendant, and under the circumstances as disclosed by the evidence, we do not consider that it was chargeable with constructive notice.

Plaintiff and her companion and her attending physician described the boards as rotten, while ten or eleven witnesses who saw the walk often and traveled over it, testified that it was a sound and substantial walk, and that none of the boards were loose or decayed.

The principal question before us is whether the evidence warranted a finding by the jury that defendant was negligent.

It is plain that the defect in the walk at the point where plaintiff received her injuries was not occasioned by ordinary use and wear, or natural decay of the boards. It was practically undisputed that the accident occurred because a couple of boards had been removed by the act of a third party, not in the employ of defendant, and that it had no actual notice of such removal before the accident. All witnesses agree that up to the time plaintiff sustained her injuries, the surface of the walk was smooth and there was nothing to indicate that it was defective, or that it contained loose boards. No previous accident had ever occurred on this walk.

Defendant having assumed to maintain the walk which its patrons were invited to use as occasion required, it owed to them the duty to keep it in a reasonably safe condition. (*Dorsey* v. *Chautauqua Institution*, 203 App. Div. 251.) But it was not the insurer of their safety.

This defect could not be discovered by ordinary inspection. Even plaintiff, who passed over this precise spot only a few seconds before the accident, observed nothing out of way with the walk, the surface of which was smooth, and she passed over it in entire safety.

Considering the fact that this walk had been thoroughly repaired less than two months before the accident, and that it was in a somewhat remote place on the island, and that its surface was

3

smooth and the boards apparently sound, we do not think reasonably prudent men would anticipate that an accident would occur there, and that the removal of the boards by a third party had not occurred at such a length of time before the accident to charge defendant with constructive notice of the defect, if, in fact, any existed. (*Ferguson* v. *Village of Waverly*, 128 App. Div. 697.)

This defendant would not be liable for defects in its sidewalk unless it had either actual or constructive notice thereof. (*White* v. *State of New York*, 113 Misc. Rep. 595; *Beltz* v. *City of Yonkers*, 148 N. Y. 67; *Fox* v. *Village of Manchester*, 183 id. 141; *Kelly* v. *City of New York*, 188 N. Y. Supp. 801; *Todd* v. *City of Troy*, 61 N. Y. 506.)

In this case we do not think under the evidence it could be said that defendant had either actual or constructive notice of the alleged defect in this sidewalk.

Moreover, the finding that defendant was negligent was contrary to and against the weight of the evidence.

While the fact that defendant produced the greater number of witnesses on the question of negligence is of no particular moment, their testimony seems more reasonable and probable than that of plaintiff and her friend and her personal physician. They attempted to magnify the alleged defects to such a degree that it naturally arouses curiosity as to whether their evident interest did not warp their testimony.

We are of the opinion that the verdict is against the weight of the reliable evidence, and that it would be an injustice to impute negligence to defendant on this evidence.

The judgment should be reversed and a new trial granted, with costs to appellant to abide the event.

All concur.

Judgment and order reversed on the facts and new trial granted, with costs to appellant to abide event.