■ JOHN STUART, INC., Respondent-Appellant, v DIRIRO, INC., et al., Appellants-Respondents.—Order, Supreme Court, New York County, entered May 18, 1978, denying cross motions for summary judgment, unanimously modified, on the law, to the extent of granting defendants' motions for summary judgment dismissing the complaint, and otherwise affirmed, with one bill of $75 costs and disbursements of this appeal payable to defendants. John Stuart, Inc. (Stuart), leased space in a building owned by Diriro, Inc. (Diriro), for a term of 20 years, with options to renew. The lease included rental of space on the entire first floor of the building, exclusive of approximately 11,000 square feet, which space was rented to Scalamandre Silks, Inc. (Scalamandre). Stuart's lease contained a clause providing that the landlord would notify it in writing if "such [Scalamandre's] first floor space becomes available for occupancy," and then Stuart was to have five days within which to notify Diriro that it intended to rent the space. Scalamandre's lease which was entered into prior to Stuart's contained no allusion to Stuart's option and contained no prohibition against assignment of its leasehold. Both the Scalamandre and Stuart leases contained a provision that the landlord intended that the building in question have the character of a trade building for the decorative and associated trades, and that the landlord in its discretion would make a reasonable effort to accomplish that end. The lease clause stipulated that the restriction did not apply to "those types of tenancies inherent to the normal occupancy of a commercial building, which include, but are not limited to, a restaurant, newsstand and theatre." Scalamandre notified Diriro of its intent to assign its leasehold, and ultimately an assignment was made to the Dime Savings Bank of New York. The present action was brought by Stuart, alleging that the lease agreement gave it exclusive rights to the Scalamandre space. Both

Stuart and Diriro moved for summary judgment and Special Term denied both motions. We would modify to the extent of granting summary judgment to the defendants. The heart of this action revolves around the phrase in Stuart's lease which gave it first option to Scalamandre's space when it "becomes available". This agreement was between Stuart and the landlord, and the clause in question could only become operative when and if the space came under the landlord's control and, hence, "available". Scalamandre's lease contained no prohibition against assignment and therefore, during the term of that lease, the space could not become available to the landlord absent, of course, a surrender to the landlord by Scalamandre. The assignment by Scalamandre to the bank therefore triggered no obligation upon the landlord to compel assignment to Stuart. We further note that permitting a bank to become a tenant was inherent to normal occupancy of a commercial building and not violative of the lease provisions. Defendants were therefore entitled to summary judgment in their favor, and we have modified Special Term's order accordingly. Concur—Lupiano, J. P., Fein, Lane, Markewich and Sullivan, JJ.