■ JOSEPH P. SCADUTO, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 61329.) — Appeal from an interlocutory judgment in favor of claimant, entered April 4, 1980, upon a decision of the Court of Claims (Blinder, J.). Claimant was injured while participating in an intramural softball game on a field located on the campus of Delhi Technical College which is part of the State University system. The game was played on a makeshift field usually reserved for soccer. Claimant was playing the third base position. The player at bat hit the ball to the left of the third base line in foul territory. Claimant, in attempting to catch it, took four or five strides and fell when his foot stepped into the indentation of a drainage ditch located 15 to 20 feet from the third

---

* Defendant was in jail for violation of probation on a prior charge.

base line and parallel to it. The playing field designated by school authorities for the game was located on the middle tier of a multilevel athletic field. Claimant was generally familiar with the field since he had played soccer on it the previous fall and had crossed it on prior occasions. He knew that there was a slope to the field to the right of his third base position. The drainage ditch was visible to him. It had rained earlier that day and the field was wet, muddy and slippery. The drainage ditch was used to drain the playing fields of water. Claimant sued the State alleging negligence on its part in designating the area in question for use as a baseball field and in failing to place a fence, barricade or warning sign around the drainage ditch. The Court of Claims rendered a decision in favor of claimant, finding the State negligent. It concluded that the State owed a duty of reasonable care to the participants in the game and that that duty was breached when the State assigned an unsafe field for the game. The court found that the ditch was an inherently dangerous condition and that it was foreseeable that claimant would attempt to field a foul ball in the area of the ditch. The court also found that there was no evidence of negligence on claimant's part in that the danger was not open and obvious; thus claimant could not be aware of a possible mishap. On appeal, the State contends that it did not breach any duty to claimant and that the drainage ditch was not an inherently dangerous condition of which claimant could not have been aware. We concur with that contention. The duty owed by the State to claimant required only that it exercise reasonable care under the circumstances to prevent injury to those who engaged in the ball game (*Basso v Miller,* 40 NY2d 233; *Scurti v City of New York,* 40 NY2d 433). This duty did not, however, encompass insurance of the safety of those who played on the field (cf. *Akins v Glens Falls City School Dist.,* 53 NY2d 325, 329). Intramural sporting activities involve inherent dangers to participants. This claimant, in electing to play, assumed the dangers of the game. This included the possibility of falling while in pursuit of the ball. The State was required only to act reasonably in providing a field of play for claimant. It was not required to provide a terrain that was perfectly level. In the instant case, the record discloses that the drainage ditch was clearly visible to the players; that claimant was aware of its location; that its slope was gradual and not precipitous, and that it fulfilled a necessary function of drainage of the playing fields. We, therefore, conclude that the ditch did not constitute an inherently dangerous condition. The field of play was adequate for its intended purposes. The State did not breach any duty of care to claimant and is, therefore, not liable in damages for claimant's injuries. Judgment reversed, on the law and the facts, without costs, and claim dismissed. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.