■ ROBERT J. PAPE, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 61282.) — Appeal from a judgment of the Court of Claims (Modugno, J.), entered March 16, 1981, which dismissed the claim. Claimant sustained personal injuries on February 6, 1977 during an intramural floor hockey game played in the gymnasium of the State University of New York at Albany (hereinafter SUNY). It is claimant's contention that the proximate cause of his injuries was attributable to the State for failing to adequately instruct and supervise the referees who officiated at the game. The record discloses that the game was a student activity funded through student fees and organized by the Association of Men's Intra-Mural Athletics (hereinafter AMIA) under authority of the State of New York. The referees assigned to such activity by AMIA were trained and supervised by Dennis Elkin, co-ordinator of Intra-Mural Activities, and were paid out of AMIA's funds. Claimant was an experienced player and the leading scorer of his league. On the day of the accident, claimant had successfully gotten the puck from an opposition player and was moving along the gymnasium wall towards his own goal. Another player pushed him against the wall and knocked the puck away from him. Claimant got to his feet and, from a crouching position, grabbed his opponent, Boissy, by the legs, just above the knees, and attempted to tackle him. As claimant's head struck Boissy's knees, Boissy grabbed claimant, flipped him onto the floor, and fell partially on his neck, injuring him seriously. The trial court found that the fracture of claimant's cervical spine occurred when claimant attacked his opponent, and was not attributable to a lack of supervision and training by New York State relative to the referee's officiating. The duty owed by the State to claimant required only that it exercise reasonable care under the circumstances to prevent injury in the game (*Scaduto v State of New York,* 86 AD2d 682, affd 56 NY2d 762). The court found no lapse of duty and, in any event, concluded that the referee's officiating was not a proximate cause of the injury.

---

The evaluation and assessment of the evidence is for the trial court. Given its unique opportunity to observe witnesses and hear their testimony, it is in the best position to determine questions of credibility. We cannot fault the court's evaluation of the evidence and conclude that its findings are supported by credible evidence. Judgment affirmed, without costs. Sweeney, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.