■ LOUISE GRAF et al., Appellants, v STATE OF NEW YORK, Respondent.—Mahoney, P. J. Appeal from a judgment in favor of the State, entered December 11, 1984, upon a decision of the Court of Claims (Murray, J.).

On January 17, 1981, claimants attended bobsled races at

Mt. Van Hoevenberg, a recreational facility owned and operated by the State and located in the Village of Lake Placid, Essex County. They paid an admission fee and proceeded along a spectator pathway which led up the mountain. While walking back down the spectator pathway, claimant Louise Graf fell and sustained a broken hip. Thereafter, claimants brought this claim for negligence against the State. The evidence presented at the trial indicated that the pathway was covered with hard-packed snow and that an additional one-half inch of snow had fallen the previous night. Claimants also testified that they had visited Mt. Van Hoevenberg on numerous occasions prior to the accident. The Court of Claims dismissed the claim and this appeal ensued.

Claimants alleged that the State was negligent in (1) allowing ruts or holes to develop in the pathway and (2) failing to sand or salt the pathway or, in the alternative, to warn claimants of the slippery condition. Regarding claimants' first theory, both sides introduced proof with respect to the construction of the pathway so as to prevent rutting by erosion. However, Mrs. Graf did not testify that there were any holes or ruts in the place where she fell. She testified that she could not remember if there were any holes. Thus, claimants were unable to establish that any ruts or holes in the pathway caused Mrs. Graf's fall. The Court of Claims properly rejected this theory of negligence.

The Court of Claims never ruled on claimants' second theory of liability. However, when reviewing a verdict after a nonjury trial, this court's authority is as broad as that of the trial court and we may render the judgment we find warranted by the facts (Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499; Petroleum Serv. Co. v Steel City Painting Co., 115 AD2d 872). Upon our review of the evidence in the record, it is apparent that the State was not negligent in failing to sand or salt the pathway or in failing to warn claimants. The State, as owner of the Mt. Van Hoevenberg facility, was required to act reasonably in maintaining its property in a reasonably safe condition in view of all of the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk (see, Preston v State of New York, 59 NY2d 997, 998; Basso v Miller, 40 NY2d 233, 241). However, the State was not an insurer. The pathway was a winding, rustic path up a mountainside. It was not paved, but consisted of hard-packed snow over a turf/sand base. The State's witnesses indicated that only a limited amount of sanding was done

along the pathway. Based on the surface of the pathway, the effectiveness of sanding is questionable. Claimants testified that they had been at the bobsled run on many occasions. Further, they had already walked up the pathway before Mrs. Graf fell and they therefore were made aware at that earlier point in time that it was slippery. Thus, there was no need for them to have been warned about the condition of the pathway. Upon our review of the evidence, the State did not breach its duty of care by failing to sand or salt the pathway. Further, any negligence in failing to warn did not cause Mrs. Graf's accident. The claim was, therefore, properly dismissed.

Judgment affirmed, without costs. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.