■ MICHAEL PERRETTI, Appellant, v CITY OF NEW YORK et al., Respondents.—In a negligence action to recover damages for personal injuries, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Queens County (Lerner, J.), dated October 21, 1986, which, upon a trial ruling granting the defendants' motion to dismiss the plaintiff's complaint, made immediately after the plaintiff's opening statement, dismissed the plaintiff's complaint.

Ordered that the order and judgment is affirmed, with costs.

While it is true that dismissals after a plaintiff's opening statement are not favored *(see, Seminara v Iadanza,* 131 AD2d 457; *O'Leary v American Airlines,* 100 AD2d 959), because the complaint in this case, as amplified by the bill of particulars and the plaintiff's opening statement, does not demonstrate that the defendants breached a duty owed to the plaintiff *(see, Solomon v City of New York,* 66 NY2d 1026), such dismissal of the complaint was appropriate here.

On the date of the accident the plaintiff was a member of an amateur adult softball league which played in a park owned by the defendant the City of New York and maintained by the defendant Department of Parks & Recreation. The plaintiff's team was scheduled to play on field No. 5 in the park. However, because of an earlier rain, field No. 5 was inundated by water. The team captains and umpires shifted the game to a nearby grassy area, which was also wet and slippery. In addition, the plaintiff's counsel alleged for the first time in his opening statement that the grass was 6 to 7 inches high, rather than the 1 to 2 inches normally maintained on a regular playing field. The plaintiff was allegedly injured when a base runner slipped and, unable to stop, slid into him. In his complaint and bill of particulars the plaintiff alleged that the

defendants were negligent in failing to cancel the game, failing to provide a proper and safe area for the game by permitting the game to be played in a grassy area, and failing to provide supervision. In his brief opening statement, the plaintiff's counsel asserted that the defendants were negligent in failing to cut the grass.

Although a municipality owes a duty of reasonable care to those who are lawfully present on its recreational premises (see, Benjamin v City of New York, 64 NY2d 44; Caldwell v Village of Is. Park, 304 NY 268), that duty does not require that a municipality provide direct supervision or prevent an adult plaintiff's use of a municipality's land because of the existence of a readily observable but hazardous condition (see, Benjamin v City of New York, supra; Cimino v Town of Hempstead, 110 AD2d 805, affd 66 NY2d 709). By electing to play softball on a wet grassy field, the plaintiff assumed the risk of the dangers inherent in the game, thereby limiting the defendants' duty to the exercise of reasonable care to make the conditions as safe as they appeared to be (see, Turcotte v Fell, 68 NY2d 432; Scaduto v State of New York, 86 AD2d 682, affd 56 NY2d 762). The plaintiff did not allege a breach of that duty and the complaint was, therefore, properly dismissed. Rubin, J. P., Kooper, Spatt and Harwood, JJ., concur.