■ RAYMOND GALLAGHER, Respondent, v TOWN OF NORTH HEMPSTEAD, Appellant.—In an action to recover damages for personal injuries, the defendant Town of North Hempstead appeals from an order of the Supreme Court, Nassau County (Widlitz, J.), dated August 14, 1987, which denied its motion for summary judgment.

Ordered that the order is reversed, with costs, on the law, the defendant's motion is granted, and the complaint is dismissed.

Although we are aware of the general rule that negligence cases are rarely subject to being decided by summary judgment *(Andre v Pomeroy,* 35 NY2d 361), we nevertheless conclude that based upon the record before us it cannot reasonably be inferred that the defendant breached any duty to the plaintiff.

The plaintiff was injured while playing in an amateur softball game on a field owned by the Town of North Hempstead. The field was extremely wet, and it had been established that it had been raining for approximately 9 of the 12 days prior to the game. The plaintiff had finished the first game of a doubleheader, and was in the middle of the second inning of the second game when he slipped and fell while trying to catch a fly ball. We find that the plaintiff was aware of the conditions of the field, and in fact, admitted in his deposition that he saw puddles and "geese droppings" on the field. We find no merit to the plaintiff's contentions that the defendant was negligent in the maintenance of the field.

Although a municipality owes a duty of reasonable care to those who are lawfully present on its recreational premises *(see, Benjamin v City of New York,* 64 NY2d 44), that duty does not require that a municipality become an insurer of a

user's safety *(Cimino v Town of Hempstead,* 110 AD2d 805). By electing to play softball on a known wet, grassy field containing known geese droppings, the plaintiff assumed the risk inherent in the game, thereby limiting the defendant's duty to the exercise of reasonable care to make the conditions as safe as they appeared to be *(Turcotte v Fell,* 68 NY2d 432; *Perretti v City of New York,* 132 AD2d 537). The plaintiff did not raise any triable issues of fact and the motion for summary judgment by the town should have been granted.

We find the plaintiff's remaining contentions to be without merit. Lawrence, J. P., Spatt, Sullivan and Balletta, JJ., concur.