■ LAWRENCE B. DREW, Appellant, v STATE OF NEW YORK, Respondent.—Weiss, J. Appeal from a judgment in favor of the State, entered September 8, 1987, upon a decision of the Court of Claims (Lyons, J.).

Claimant injured his left knee while playing touch football during a recreational period in an orientation program for freshmen at the State University of New York at Albany (hereinafter SUNYA). Claimant testified that the injury occurred when, running with an intercepted pass, he attempted to cut back and evade an oncoming opponent. In the process, he planted his left foot in what he described as a circular hole or rut one foot in diameter and 2 or 3 inches deep which was filled with a sand-like substance. He claimed that his foot slipped in the sand and finally caught in the bottom or edge of the rut, causing him to fall and injure his knee. Another participant in the game, Roderick Williams, testified that claimant fell in an area with a "sandy type of a soil mixture, depressed somewhat, not level, not entirely level". The State's on-the-scene witnesses were unable to describe anything specific about the condition of the ground where claimant fell. Following a trial, the Court of Claims found the State negligent, but awarded judgment in its favor because claimant failed to establish that his injuries were proximately caused by the field conditions described.

Initially, we disagree with the Court of Claims' finding that the State was negligent because the existence of a hole or rut

rendered the field unsafe for athletic activities. In reviewing a verdict after a nonjury trial, our authority "is as broad as that of the trial court and we may render the judgment we find warranted by the facts" *(Graf v State of New York,* 117 AD2d 910, 911; *see also, Poerio v State of New York,* 144 AD2d 129).

The State's duty here was not to provide a perfectly level playing field, but only to use reasonable care under the circumstances to prevent injury to the participating students *(see, Pape v State of New York,* 90 AD2d 904; *Scaduto v State of New York,* 86 AD2d 682, 683, *affd* 56 NY2d 762). We must emphasize that the State is not an insurer *(supra).* Having voluntarily opted to participate, claimant naturally assumed the risks inherent in the game, effectively limiting the State's duty to provide a playing surface with "conditions as safe as they appeared to be" *(Perretti v City of New York,* 132 AD2d 537, 538; *see also, Scaduto v State of New York, supra,* at 683). The Court of Claims' finding of negligence against the State was essentially premised on the mere existence of the hole or rut as described by claimant. In our view, the State's duty of reasonable care would not necessitate so burdensome an undertaking as to correct each and every such depression in the field.

The record demonstrates that the field was actually a level, grassy area. SUNYA's grounds supervisor, Richard Polcare, testified that the campus grounds were regularly inspected and the subject field had been inspected just one week prior to claimant's accident. The State also employed a procedure whereby any holes or ruts would be filled with a mixture of topsoil, fertilizer and grass seed, tamped and then watered until grass grew. It may fairly be inferred that the rut described by claimant was actually filled with this mixture and not sand. We recognize that the site chosen for this game was not a designated athletic field, but the record simply does not warrant any inference that the use of this particular field was improvident *(cf., Greaves v Bronx Y.M.C.A.,* 87 AD2d 394). Nor can we in any fashion characterize the described area where claimant fell as an inherently dangerous condition *(see, Poerio v State of New York, supra,* at 130-131; *Scaduto v State of New York, supra,* at 683). The game took place during daylight hours, and the field surface conditions could readily be observed. Claimant concededly "took an overview" of the field prior to joining the game. In the final analysis, we find that the playing field, as described, was adequately main-

tained by the State and that the State did not breach any duty of due care to claimant.

We further conclude that claimant failed to sustain his burden of proving that the State's conduct was "a substantial causative factor in the sequence of events that led to [his] injury" *(Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507, 520; *cf., Benitez v New York City Bd. of Educ.,* 141 AD2d 457). While such proof did not have to be made with absolute certitude or exclude every other possible cause, claimant was required to show facts and circumstances from which the State's negligence and the causation of the accident may be reasonably inferred *(see, Koester v State of New York,* 90 AD2d 357, 361). We recognize that claimant testified that his foot "slid through the sand and * * * finally caught at the bottom or the edge of the rut; then it stuck", causing him to fall. Nonetheless, it is difficult to perceive just how claimant's foot could be so entrapped in the circular depression he described. In our view, claimant's evasive maneuver was the competent-producing cause of his injury. Claimant conceded that the injury occurred after he planted his left foot in an attempt to "push off and go back to the right". His objective was to put a move on a player, to cut back to his right. Notably, Williams confirmed that claimant was injured making "an evasive move", explaining that claimant "was trying to plant his foot to cut and evade the * * * defender, and his leg * * * buckled or went out from under him". This concept of causation is buttressed by the testimony of claimant's orthopedist who agreed, on cross-examination, that the knee injury could have resulted from trying to pivot while running, which was essentially the precise activity described by claimant and Williams. On our reading of the record, we conclude that claimant failed to prove by a preponderance of the record that the ground condition where he fell was a substantial causative factor of his injuries.

Judgment affirmed, without costs. Mahoney, P. J., Casey, Weiss, Levine and Mercure, JJ., concur.