■ GREG I. HENIG, Respondent, v HOFSTRA UNIVERSITY, Appellant. (And a Third-Party Action.)—In a negligence action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Molloy, J.), dated September 9, 1988, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

In his complaint, the plaintiff alleges that the defendant permitted a "hazardous and dangerous condition" to exist on certain property. Specifically, the plaintiff alleges that the defendant owned and maintained a certain athletic playing field, and allowed the field in question to become "uneven, rough, full of holes and otherwise dangerous". The plaintiff claims that the defendant's conduct in this respect was negligent and that, by reason of its negligence, he was caused to

fall and to sustain certain personal injuries while participating in an intramural football competition.

The defendant moved for summary judgment against the plaintiff, arguing, in essence, that its affirmative defense based on the doctrine of the assumption of the risk had been proven as a matter of law. In claiming to have established this defense as a matter of law, the defendant's attorney cited principally to those portions of the plaintiff's pretrial deposition in which the plaintiff admitted that his fall and subsequent injury had occurred while he was "accelerating and moving forward in order to tag the quarterback after the snap of the football". The defendant's attorney argued, in effect, that summary judgment against a personal injury plaintiff is warranted whenever it is shown that the injury in question occurred during an athletic event, irrespective of whether a defect in the playing field attributable to the owner's negligence might have been a contributing factor. Since we agree with the Supreme Court that the doctrine of assumption of the risk is not so all encompassing, we sustain the denial of summary judgment.

Pursuant to the doctrine of assumption of the risk, an injured party may not seek compensation when the injuries in question were incurred as the consequence of some risk or danger normally associated with a pursuit which was voluntarily undertaken. Thus, when it is shown indisputably that a particular injury was caused by a condition or practice which is common to a particular sport (e.g., *Turcotte v Fell,* 68 NY2d 432 [one racehorse accidentally running into another]; *Maddox v City of New York,* 66 NY2d 270 [baseball field wet and muddy after rain]) summary judgment may be warranted; otherwise, the potential applicability of the doctrine of assumption of the risk involves factual issues better left to resolution after trial (cf., *Scaduto v State of New York,* 86 AD2d 682, *affd* 56 NY2d 762).

In the present case, we cannot say, as a matter of law, that a hole with the dimensions described by the plaintiff at his pretrial deposition (several feet wide and several inches deep) must necessarily be considered to be representative of the various hazards to which football players normally expose themselves. We do not believe in this instance that it may be determined as a matter of law whether the hole in question is typical of the terrain upon which the game of football is normally played, so as to constitute a risk which the plaintiff could or should have foreseen, or whether, on the contrary, this hole constituted an unreasonable, unnecessary and un-

foreseen addition to those risks which are admittedly unavoidable in the playing of this sport. This question should be decided by the jury, which may take into account the magnitude of the hole, its location, and all other relevant circumstances *(see also, Lamphear v State of New York,* 91 AD2d 791). Thompson, J. P., Bracken, Brown and Kunzeman, JJ., concur.