■ MARIA PICHARDO, as Administratrix of the Estate of ADRIANO J. MARTINEZ, Deceased, Respondent, v NORTH PATCHOGUE MEDFORD YOUTH ATHLETIC ASSOC., INC., et al., Appellants, et al., Defendants.—In an action to recover damages for wrongful death and conscious pain and suffering, the defendants North Patchogue Medford Youth Athletic Assoc., Inc., d/b/a Patchogue Medford Team and/or North Patchogue Ball Club, Eastern Suffolk Baseball Umpires Assoc., Inc., Stephen Tellekamp, Anthony Greco, Vincent Carrabis, Michael Abba-

tello and Charles Wynkoop separately appeal from an order of the Supreme Court, Suffolk County (Jones, J.), entered December 13, 1989, which denied their motions for summary judgment dismissing the complaint insofar as it is asserted against them.

Ordered that the order is reversed, on the law, with one bill of costs payable to the appellants appearing separately and filing separate briefs, the motions are granted, the complaint is dismissed insofar as it is asserted against the appellants, and the action against the remaining defendants is severed.

Although we are aware of the general rule that negligence cases do not easily lend themselves to being decided on motions for summary judgment (see, Andre v Pomeroy, 35 NY2d 361), we nevertheless conclude that, based upon the record before us, it cannot reasonably be inferred that the defendants breached any duty to the plaintiff.

The plaintiff's decedent, who was nearly 19 years old at the time, was playing shortstop for a Connie Mack summer league baseball team when he was struck and killed by lightning on the evening of August 7, 1984. The plaintiff contends, inter alia, that the defendants were negligent in "allowing a baseball game to continue when threatening weather became apparent". However, by electing to continue to play baseball in weather conditions which were readily apparent (at some point in the game, thunder was heard and some lightning was seen in the distance), the plaintiff's decedent assumed the risks inherent in continued play (see, Turcotte v Fell, 68 NY2d 432, 439; Gallagher v Town of N. Hempstead, 144 AD2d 637).

Moreover, the plaintiff has failed to present any evidence that the decedent was ordered to continue to play or that there existed an economic compulsion or other circumstance which impelled the decedent to continue to play. Therefore, there has been no showing of an "inherent compulsion" which would negate a voluntary assumption of the risk (see, Benitez v New York City Bd. of Educ., 73 NY2d 650). Thompson, J. P., Brown, Kunzeman and Balletta, JJ., concur.