■ Thomas Pascucci et al., Appellants, v Town of Oyster Bay, Respondent.—In a negligence action to recover damages

for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Molloy, J.), entered September 7, 1990, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff Thomas Pascucci was injured when he collided with a light pole located in the "fair" territory of a softball field owned and maintained by the defendant. He was a member of an adult amateur softball league organized under the auspices of the defendant and, at the time of his injury, he was playing the position of left field and was pursuing a fly ball which had been hit to the outfield by a member of the opposing team. He subsequently commenced the instant action, contending that the defendant had been negligent in locating the pole in this area of the field and in failing to place padding around it or to warn players of the potential danger it posed. The Supreme Court granted the defendant's motion for summary judgment dismissing the complaint. We affirm.

It is well settled that those who voluntarily participate in a sporting activity "may be held to have consented, by their participation, to those injury-causing events which are known, apparent or reasonably foreseeable consequences of the participation" *(Turcotte v Fell,* 68 NY2d 432, 439; *see, Hoffman v City of New York,* 172 AD2d 716; *Scaduto v State of New York,* 86 AD2d 682, *affd* 56 NY2d 762). The risks assumed by a voluntary participant "include the risks involved in the construction of the field" *(Maddox v City of New York,* 66 NY2d 270, 277); hence, the landowner's duty of care is to protect such participants "from injuries arising out of unassumed, concealed or unreasonably increased risks" *(Benitez v New York City Bd. of Educ.,* 73 NY2d 650, 654; *see, Melko v Town of Islip,* 172 AD2d 729). Put another way, the owner only has "a duty to exercise care to make the conditions as safe as they appear to be. If the risks of the activity are fully comprehended or perfectly obvious, plaintiff has consented to them and defendant has performed its duty" *(Turcotte v Fell, supra,* at 439; *see, Drew v State of New York,* 146 AD2d 847; *Perretti v City of New York,* 132 AD2d 537).

In the instant case, the injured plaintiff admitted during pretrial examinations that he had been a member of the league for 3½ years, that he previously had played softball at this same field on approximately 20 occasions, that he had played night games under the lights at this field on prior

occasions, that he previously had caught fly balls in the outfield area of this ballfield during practice sessions, and that he had observed the light poles at the field prior to the date of the accident and thus was aware of their existence and location. Under these circumstances, the risk presented by the light pole was not a concealed one, and the injured plaintiff consciously assumed that risk by his voluntary participation in the game *(see, e.g., Melko v Town of Islip, supra; Hoffman v City of New York, supra; cf., Henig v Hofstra Univ.,* 160 AD2d 761). Accordingly, the defendant satisfied its duty of exercising reasonable care to make the playing field conditions as safe as they appeared to be, and no further duty of care was owed to the injured plaintiff *(see, e.g., Turcotte v Fell, supra; Scaduto v State of New York, supra).* Mangano, P. J., Sullivan, Balletta and O'Brien, JJ., concur.