■ IRVING RADWANER et al., Respondents, v USTA NATIONAL TENNIS CENTER, INC., Appellant.—Judgment of the Supreme Court, Bronx County (Barry Salman, J.), entered July 29, 1991, upon a jury verdict which, *inter alia,* awarded plaintiff $183,132.50 for past and future pain and suffering, unanimously affirmed, without costs.

Plaintiff seeks damages for personal injuries sustained in a fall on the USTA's tennis court. Plaintiff was engaged in a tennis game on court H of the USTA Flushing Meadows Center when his foot became entangled in a net that divided the tennis courts and draped on the floor by approximately a foot. Plaintiff suffered a dislocated right shoulder and a torn muscle tendon as a result of his fall.

Defendant contends that the court improperly instructed the jury on assumption of risk. However, defendant did not timely object to the court's instructions and therefore this issue is not preserved for our review.

Defendant further asserts that its motion to dismiss was improperly denied on the ground that assumption of risk is an issue of law which should not have been presented to the jury. We disagree. In the instant case, we cannot say that a dragging divider net is a hazard to which tennis players must be normally exposed *(Henig v Hofstra Univ.,* 160 AD2d 761, 762). A triable issue of fact remains when engendered additional risks exist that " 'do not inhere in the sport' " *(Owen v R.J.S. Safety Equip.,* 79 NY2d 967, 970).

Assumption of risk requires both knowledge of the defect and also an appreciation of the resultant risk. Among many factors to be considered in determining the risk involved are the particular skill and experience of a plaintiff and whether the plaintiff is a professional or amateur athlete. The assumption of risk to be implied from participation in a sport is usually a question of fact for a jury unless the facts indicate that the assumption of risk factor is a matter of law. Upon the facts in this case, we are not prepared to say that no factual issue exists for determination by a jury. The defense of as-

sumption of risk was not clearly established *(see, Maddox v City of New York,* 66 NY2d 270). Concur—Carro, J. P., Ellerin, Kupferman, Kassal and Rubin, JJ.