(February 8, 1993)

■ NOEL ALLWOOD, Respondent, v CW POST COLLEGE et al., Appellants.—In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Krausman, J.), entered April 11, 1991, which denied their motion for summary judgment.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly slipped in a puddle of water while he was participating in a basketball practice in the defendants' gym. "As a general rule, participants [in sports] properly may

be held to have consented, by their participation, to those injury-causing events which are known, apparent or reasonably foreseeable consequences of the participation" *(see, Turcotte v Fell,* 68 NY2d 432, 439; *see also, Owen v R.J.S. Safety Equip.,* 169 AD2d 150, 155, *affd* 79 NY2d 967; *Maddox v City of New York,* 66 NY2d 270, 277-278). In the instant case, there was some evidence that the area was dimly lit, that the gymnasium floor was warped and uneven, and that puddles of water had been allowed to accumulate at various locations throughout the gymnasium. We agree with the Supreme Court's finding that under these circumstances there is a question of fact as to whether the plaintiff assumed the risk by voluntarily participating in the basketball practice *(see, e.g., Owen v R.J.S. Safety Equip., supra; Radwaner v USTA Natl. Tennis Ctr.,* 189 AD2d 605; *Henig v Hofstra Univ.,* 160 AD2d 761; *Parisi v Harpursville Cent. School Dist.,* 160 AD2d 1079, 1080; *Eddy v Syracuse Univ.,* 78 AD2d 989). Thompson, J. P., Balletta, O'Brien and Ritter, JJ., concur.