■ DEAN FERRARO, Respondent, v TOWN OF HUNTINGTON et al., Appellants, et al., Defendant. [609 NYS2d 36] —In an action to recover damages for personal injuries, the defendants Town of Huntington and Town of Huntington Department of Parks and Recreation appeal from an order of the Supreme Court, Suffolk County (Floyd, J.), dated May 13, 1992, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them. The appeal brings up for review so much of an order of the same court, dated October 21, 1992, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated May 13, 1992, is dismissed, as that order was superseded by the order dated October 21, 1992, made upon reargument; and it is further,

Ordered that the order dated October 21, 1992, is reversed insofar as reviewed, the order dated May 13, 1992, is vacated, the motion is granted, and the complaint is dismissed; and it is further,

Ordered that the appellants are awarded one bill of costs.

The plaintiff, who was playing the right center field position in a softball game in a league organized under the auspices of the defendant town, was allegedly injured when he collided with a metal light pole located in the outfield position of the

field. The park was owned, maintained, and controlled by the town.

The plaintiff admitted at his deposition that prior to the accident he had been aware of the metal light pole and its location on the field; that from his outfield position, the pole was located approximately 12 to 15 feet behind him; and that he was aware that the pole did not have padding or any other protective device. The plaintiff was allegedly injured while he was running forward and looking over his shoulder in the direction of a fly ball. He acknowledged that prior to the accident he had chased other fly balls toward the direction of the pole. The accident occurred during the second half of the second game of a doubleheader. The plaintiff had played the same position throughout up until the accident.

The town and its Department of Parks and Recreation appeal from an order which denied their motion to dismiss the complaint on the grounds that the plaintiff assumed the risk by knowingly participating in the game when he was aware of the location of the pole.

We find that the Supreme Court erred in denying the motion. "[T]hose who voluntarily participate in a sporting activity 'may be held to have consented, by their participation, to those injury-causing events which are known, apparent or reasonably foreseeable consequences of the participation' " *(Pascucci v Town of Oyster Bay,* 186 AD2d 725, 726, quoting *Turcotte v Fell,* 68 NY2d 432, 439). The risks assumed by a voluntary participant "include the risks involved in the construction of the field" *(Maddox v City of New York,* 66 NY2d 270, 277; *Pascucci v Town of Oyster Bay, supra).* Here, the alleged risk that the plaintiff complains of was perfectly obvious and should have been comprehended by him. Thus, he assumed the alleged risk *(see, Turcotte v Fell, supra,* at 439; *Calabro v Plattekill Mt. Ski Ctr.,* 197 AD2d 558; *Pascucci v Town of Oyster Bay, supra).* Rosenblatt, J. P., Ritter, Pizzuto and Altman, JJ., concur.