896 F.Supp. 89 (1995)
Andy GARDNER, Plaintiff,
v.
UNITED STATES of America, Defendant.
No. 94-CV-236 (FJS) (DNH).
United States District Court, N.D. New York.
August 14, 1995.
*90 *91 Office of Gustave J. Detraglia, Utica, NY (Gustave J. Detraglia, Jr., of counsel), for plaintiff.
Thomas J. Maroney, United States Attorney, Syracuse, NY (William F. Larkin, Ass't U.S. Attorney, of counsel), for defendant.
SCULLIN, District Judge.

INTRODUCTION
This action is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671 et seq. for injuries allegedly sustained on August 1, 1992, when plaintiff was engaged in playing softball at the Skyline Drive baseball field located at Griffis Air Force Base. Plaintiff alleges that the United States was negligent in permitting two eight- to ten-inch holes to exist in the batter's box, having had actual knowledge and notice of this condition. Plaintiff seeks $502,213.00 in damages as a result of his injury. The defendant United States has moved for summary judgment.

FACTS
On August 1, 1992 plaintiff, a civilian, was participating in a slow-pitch softball tournament at Skyline Drive Field on Griffis Air Force Base. Although plaintiff was an experienced baseball player, he had never played on Skyline Drive Field prior to August 1, 1992.
Plaintiff was injured in the first inning of the game, during his first time at bat. The injury occurred at approximately 6:00 P.M. The weather was sunny and the field was dry. When plaintiff first entered the batter's box he noticed that there were two holes, eight to ten inches in depth, located approximately two to three feet from one another. (These holes were apparently caused by batters digging their cleats into the batter's box.) Plaintiff does not recall if he mentioned the holes to anyone prior to batting, and he proceeded to hit.
Plaintiff's injury occurred while he was attempting to leave the batter's box and run to first base. Allegedly, plaintiff's right foot landed in one of the holes while he was swinging, and his right knee twisted and became dislocated when he tried to run to first base.

DISCUSSION
Defendant seeks summary judgment on two separate grounds: (1) failure to establish a prima facie case due to lack of actual or constructive notice of the dangerous condition; and (2) primary assumption of risk.

Summary Judgment Standard
Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is warranted if, when viewing the evidence in the light most favorable to the non-movant, the court determines that there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Eastman Kodak Co. v. Image Tech. Servs., Inc., 504 U.S. 451, 456-58, 112 S.Ct. 2072, 2077, 119 L.Ed.2d 265 (1992); Commander Oil v. Advance Food Serv. Equip., 991 F.2d 49, 51 (2d Cir.1993). The burden of showing that no genuine issue of material fact exists rests on the moving party. Donahue v. Windsor Locks Bd. of Fire Comm'rs, 834 F.2d 54, 57 (2d Cir.1987). Where the moving party does not bear the ultimate burden of proof at trial, the summary *92 judgment burden may be satisfied by pointing out the absence of evidence to support the non-movant's claims. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Once the movant shows the absence of such evidence, the burden of persuasion shifts to the non-movant to show that the record contains sufficient evidence to establish each element of its case. Id., at 322, 106 S.Ct. at 2552.
Under the Federal Tort Claims Act ("FTCA"), state law governs the principles of law to be applied in this type of claim. 28 U.S.C. § 1346(b). In order to prevail on a negligence claim, plaintiff must establish three elements: (1) that the defendant owed him a duty of care; (2) that the defendant breached that duty; and (3) that his injury was proximately caused by the breach. In New York, the standard of care owed by a landowner to someone lawfully on the premises consists of a duty to exercise reasonable care under the circumstances in maintaining the property in a safe condition. Foreseeability is the measure of liability. Basso v. Miller, 40 N.Y.2d 233, 234, 386 N.Y.S.2d 564, 352 N.E.2d 868 (1976).
Applying New York law, in order to make a valid negligence claim, plaintiff must establish that a dangerous condition existed at the field from which the injury resulted, and that the United States either affirmatively created that condition or had notice, actual or constructive, of its existence. Lowrey v. Cumberland Farms, Inc., 162 A.D.2d 777, 557 N.Y.S.2d 689, 690 (3d Dep't 1990). Additionally, plaintiff must prove that after knowledge or notice was acquired, the United States had a reasonable opportunity to correct the dangerous condition. Putnam v. Stout, 38 N.Y.2d 607, 612, 381 N.Y.S.2d 848, 345 N.E.2d 319 (1976). Plaintiff must present evidence of the length of time the condition existed prior to the accident. Failure to do so results in the dismissal of the action. Hammond-Warner v. U.S., 797 F.Supp. 207, 211 (E.D.N.Y.1992).

Notice
As stated above, in order for plaintiff to establish a prima facie case, he must show that the defendant either created or had notice, actual or constructive, of the dangerous condition (to wit  holes in the batter's box) from which his injury resulted. Defendant maintains that summary judgment is warranted because plaintiff failed to satisfy this element. In support of this argument, defendant relies on the deposition testimony of David DeMatteo, the Athletic Director at Griffis Air Force Base from 1987 through 1993, as well as that of the plaintiff.
In his capacity as Athletic Director, Mr. DeMatteo was responsible for overseeing the maintenance of the fields on the Base. He testified that Mr. Moore, a member of his staff, would monitor the condition of the fields each weekday morning. As part of this duty, Mr. Moore would fill in any obvious low areas with topsoil. Ex. B 7-8. Mr. DeMatteo further testified that there were no holes on the Skyline Drive field. Id. at 35, 45.
Additionally, Mr. DeMatteo stated that the tournament that plaintiff was participating in was not part of the Griffis recreation program, and that Base officials were not responsible for maintaining the fields during tournaments held on weekends. Id. at 39. Mr. DeMatteo stated that no one told him of the existence of any holes in the batter's box prior to the date of this accident. Id. at 56.
Plaintiff, in his deposition, admitted that he does not recall anyone complaining about the condition of the field prior to the game in which he was injured. Nor does plaintiff remember complaining to anyone, even though he noticed the holes upon entering the batter's box. Ex. A 28, 31-32. In view of this testimony, defendant argues that plaintiff has failed to establish that the United States either created the dangerous condition at the field, or had notice of its existence prior to August 1, 1992.
In opposition, plaintiff argues that he is not required to prove that defendant had notice of the condition because the evidence in the record indicates that the holes were created by the defendant's own softball teams. He bases this argument on the deposition testimony of Mr. DeMatteo where he stated that the Skyline Drive field was primarily used for Griffis Air Force Base intramural *93 teams. These teams played Monday through Thursday nights from approximately the first week of May through the second week of August. Plaintiff argues that because eight- to ten-inch holes could only develop over a period of time, it can be inferred that these holes were caused by the defendant, or its agents, servants and/or employees.
Plaintiff further argues that in any event there is a question of fact as to whether the defendant had sufficient notice of the holes. He asserts that constructive notice can be inferred from the deposition testimony of Mr. DeMatteo wherein he stated that the infield at Skyline was comprised of "top grade" clay and brick dust that does not erode quickly, and that holes in the batter's box in excess of 2½ inches could only develop "over a period of time." Ex. B 47, 49-50. Furthermore, an inference may be drawn from the depth and appearance of the hole that it had to have come into being over such a length of time that defendant, in the exercise of reasonable care, should have acquired knowledge of it. Blake v. City of Albany, 48 N.Y.2d 875, 877-78, 424 N.Y.S.2d 358, 400 N.E.2d 300 (1979); Ferlito v. Great South Bay Associates, 140 A.D.2d 408, 528 N.Y.S.2d 111 (2d Dep't 1988). Constructive notice may be established where a defect has "existed for so long that the defendant is presumed to have seen the dangerous condition, or to have been negligent in failing to see [it]." Velsini v. Cadmus, 152 F.R.D. 442, 447 (N.D.N.Y.1994) (Hurd, M.J.). The Court finds that the plaintiff's arguments, based upon the deposition testimony of the defendant's representative, raise questions of material fact as to how and when the holes were created and as to whether the defendant had constructive notice of their presence. Therefore, the defendant's summary judgment motion must be denied.

Assumption of Risk
Defendant's second ground for summary judgment is premised upon the doctrine of assumption of risk. Under that doctrine, "an injured party may not seek compensation when the injuries in question were incurred as the consequence of some risk or danger normally associated with a pursuit which was voluntarily undertaken." Henig v. Hofstra University, 160 A.D.2d 761, 553 N.Y.S.2d 479, 481 (2d Dep't 1990). In the context of sports related injuries, summary judgment is only warranted where it can be indisputably shown that the particular injury was caused by a condition or practice which is common to a particular sport. Id.
Plaintiff need not have foreseen the exact manner in which his injury occurred in order for the doctrine of assumption of risk to be applicable, however. He merely must have been aware of the potential for injury that the holes possessed prior to attempting to participating in the softball game. Maddox v. City of New York, 66 N.Y.2d 270, 278, 496 N.Y.S.2d 726, 487 N.E.2d 553 (1985).
In the case at bar, defendant argues that plaintiff, having played baseball in high school and on several softball teams, should have know of the potential risk that the holes posed when he first noticed them. By proceeding to hit after he admittedly noticed the holes, defendant asserts that plaintiff assumed the risk of being injured by one of them.
In response to the defendant's arguments, plaintiff maintains that the presence of eight-to ten-inch holes in the batter's box is not a condition that is "indisputably" inherent in the sport of softball. Additionally, plaintiff argues that because he did not notice the holes prior to entering the batter's box, he did not have an opportunity to make "an informed estimate of the risks involved in [the] activity before deciding to participate...." Lamey v. Foley, 188 A.D.2d 157, 594 N.Y.S.2d 490, 495 (4th Dep't 1993). Hereto, the Court finds that there are questions of material fact which preclude granting summary judgment based upon the doctrine of assumption of risk. Therefore, defendant's motion for summary judgment on this ground must also be denied.
Accordingly, it is hereby
ORDERED, that defendant's motion for summary judgment is DENIED.
IT IS SO ORDERED.