■ JOSEPHINE PETRIANO et al., Appellants, v SOUTHGATE AT BAR HARBOUR HOME OWNERS ASSOCIATION, INC., Respondent. [640 NYS2d 614] —In a negligence action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Lockman, J.), entered April 6, 1995, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff Josephine Petriano was injured while playing tennis on a court owned by the defendant when she slipped and fell on dead cicada bugs which had collected on the court. We find that the injured plaintiff was aware of the conditions on the tennis court, and in fact, admitted in her deposition, that she observed the dead cicada bugs before she started to play a game on the court. We find no merit to the plaintiffs' contention that the defendant was negligent in the maintenance of the court.

By electing to play tennis on a court known to contain dead cicada bugs, the injured plaintiff assumed the risk inherent in the game, thereby limiting the defendant's duty to make the conditions as safe as they appeared to be *(see, Turcotte v Fell,* 68 NY2d 432; *Gallagher v Town of N. Hempstead,* 144 AD2d 637).

Contrary to the plaintiffs' contention, a triable issue of fact does not exist as to whether a concave depression in the area where the injured plaintiff fell, was concealed. Notably, the plaintiffs have not contended that the alleged latent defect was the cause of the accident. Balletta, J. P., O'Brien, Ritter, Pizzuto and Altman, JJ., concur.