■ SHELDON SIEGEL et al., Appellants, v CITY OF NEW YORK et al., Respondents. [646 NYS2d 380] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Kings County (Hutcherson, J.), entered July 25, 1995, which, upon granting the defendants' motion for summary judgment dismissing the complaint, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

It is well-settled that " 'those who voluntarily participate in a sporting activity "may be held to have consented, by their participation, to those injury-causing events which are known, apparent or reasonably foreseeable consequences of the participation" ' " (*Ferraro v Town of Huntington,* 202 AD2d 468, 469, quoting *Pascucci v Town of Oyster Bay,* 186 AD2d 725, 726; *see also, Turcotte v Fell,* 68 NY2d 432). Those risks that are assumed by a voluntary participant " 'include the risks involved with construction of the field' " (*Ferraro v Town of Huntington, supra,* at 469, quoting *Maddox v City of New York,* 66 NY2d 270, 277; *see also, Pascucci v Town of Oyster Bay, supra*).

Here, the plaintiff, Sheldon Siegel, alleges that he was injured when he tripped and fell as a result of a tear in a net which divided an indoor tennis court at the Paerdegat Racquet Club. Contact with the dividing net is a risk associated with the game of tennis. Moreover, the record demonstrates that Mr. Siegel had regularly played on this court and that he was specifically aware of the torn netting prior to his accident.

Accordingly, when Mr. Siegel voluntarily engaged in a game of tennis on the date of the accident, he assumed the risk of becoming injured through contact with the dividing net (*see, Viniar v Town of Oyster Bay,* 197 AD2d 683; *Petriano v Southgate at Bar Harbour Home Owners Assn.,* 226 AD2d 516; *Reilly v Long Is. Jr. Soccer League,* 216 AD2d 281; *Weithofer v Unique Racquetball & Health Clubs,* 211 AD2d 783; *cf., Radwaner v USTA Natl. Tennis Ctr.,* 189 AD2d 605). Miller, J. P., Ritter, Santucci and Altman, JJ., concur.