■ JARRED BRAUN et al., Appellants, v DAVOS RESORT, INC., Respondent. [661 NYS2d 643] —In an action to recover damages for personal injuries, etc., the plaintiff appeals from an order of the Supreme Court, Nassau County (McCaffrey, J.), entered July 31, 1996, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The infant plaintiff, then 13 years old, was injured when, while skiing down an expert slope at the defendant, Davos Resort, Inc. (hereinafter Davos), he veered left to avoid hitting two skiers who were stopped in the middle of the trail. He slid over an icy patch, but did not fall on it. Upon reaching a steep drop-off, he was forced into the woods, crashed into a rock, and injured himself. The plaintiffs thereafter commenced this action against Davos, alleging that it was negligent in designing and maintaining the trail free from hazards posed by steep gradients and the absence of fences. After issue was joined and various discovery completed, the defendant moved for summary judgment dismissing the complaint. The defendant argued that the infant plaintiff had assumed the risk of the injury-causing event at issue. The Supreme Court granted the motion. We now affirm.

Voluntary participants in sporting or recreational events are presumed "to have consented, by their participation, to those injury-causing events which are known, apparent, or reasonably foreseeable consequences of the participation" *(Turcotte v Fell*, 68 NY2d 432, 439; *see also, Morgan v State of New York,* 90 NY2d 471; *Perretti v City of New York,* 132 AD2d 537). In such cases, the landowner's duty is to protect such participants from injuries arising out of unassumed, concealed, or unreasonably-increased risks *(see, Benitez v New York City Bd. of Educ.,* 73 NY2d 650; *Pascucci v Town of Oyster Bay,* 186 AD2d 725). In other words, a landowner has a "duty to exercise care to make the conditions as safe as they appear to be. If the risks of the activity are fully comprehended or perfectly obvious, plaintiff has consented to them and defendant has performed its duty" *(Turcotte v Fell, supra,* at 439; *see also, Pascucci v Town of Oyster Bay, supra).* Here, not only would the gradient of the slope be a reasonably foreseeable conse-

quence of the sport of skiing down an expert trail, and one that would be readily observable, but also, the plaintiff, who had skied on the defendant's trails numerous times throughout the four years preceding the accident, admitted that he had observed the trail in issue on many occasions. Accordingly, the plaintiff assumed the risk of losing his balance and sliding off the trail. Thus, because the plaintiff otherwise failed to raise a triable issue of fact as to whether the gradient of the slope or the absence of a fence constituted concealed or unreasonably increased risks, or that the defendant failed to make conditions at the resort as safe as they appeared to be, the Supreme Court properly determined, as a matter of law, that, on the facts presented, the doctrine of assumption of risk constituted a complete defense to the action *(see, Turcotte v Fell, supra)*. Accordingly, the complaint was properly dismissed. Bracken, J. P., Santucci, Goldstein and Luciano, JJ., concur.