■ KRYSZTOF LAPINSKI, Respondent, v HUNTER MOUNTAIN SKI BOWL, INC., et al., Appellants. [760 NYS2d 549] —In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Schmidt, J.), dated November 20, 2002, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff sustained severe injuries as a result of a skiing accident at the premises owned by the defendant President's Bowl, Inc., and operated by the defendant Hunter Mountain Ski Bowl, Inc. While skiing down "Broadway," an intermediate trail, the plaintiff inadvertently veered off that trail and onto an expert trail known as "Eisenhower." Once on Eisenhower, the plaintiff encountered a small drop-off and landed on a patch of ice. He lost his balance and slid off the trail and into a tree, rendering him a paraplegic.

The plaintiff commenced this action against the defendants alleging that his accident was caused by, among other things, the defective design and configuration of the Eisenhower trail, and the failure to post adequate and proper warning signs of the intersection of the expert Eisenhower trail with the intermediate Broadway trail. The defendants moved for summary judgment dismissing the complaint arguing, inter alia, that the plaintiff had assumed the risk of the injury-causing event at issue. The Supreme Court denied the motion. We reverse on

the ground that the warning signs were adequate, and neither the design nor configuration of the Eisenhower trail was the proximate cause of the plaintiff's injury.

The doctrine of assumption of the risk is a form of measurement of a defendant's duty to a voluntary participant in a sporting activity (*see Benitez v New York City Bd. of Educ.*, 73 NY2d 650, 653 [1989]; *Turcotte v Fell*, 68 NY2d 432, 439 [1986]). The voluntary participant is deemed to have consented to apparent or reasonably foreseeable consequences of engaging in the sport; the landowner need protect the plaintiff only from unassumed, concealed, or unreasonably increased risks, thus, to make conditions as safe as they appear to be (*see Morgan v State of New York,* 90 NY2d 471, 484 [1997]; *Turcotte v Fell, supra; Braun v Davos Resort,* 241 AD2d 533 [1997]; *Giordano v Shanty Hollow Corp.,* 209 AD2d 760 [1994]; *Calabro v Plattekill Mt. Ski Ctr.,* 197 AD2d 558, 559 [1993]; *Pascucci v Town of Oyster Bay,* 186 AD2d 725, 727 [1992]). Here, the evidence established that the plaintiff voluntarily participated in the activity of skiing and was aware of the dangers associated with the sport. He acknowledged that he also had a duty to follow the rules, including to ski within his limits.

Clearly, the Eisenhower trail on which the plaintiff immediately lost control was beyond his ability. If the plaintiff assumed the risk of inadvertently wandering onto a trail that was beyond his abilities, then his loss of control on this expert trail, rather than any alleged defect in its configuration, was the proximate cause of his injury. The plaintiff argues that he could not have assumed the risk of wandering onto a trail that was not properly identified as an expert trail. He claims that the defendants' failure to post proper signage was the cause of his inadvertently skiing onto the expert Eisenhower trail. Thus, the determination turns on proximate cause rather than assumption of the risk. The focus, therefore, must be further up the hill where Broadway, the intermediate trail that the plaintiff intended to ride to the bottom, intersected with the expert Eisenhower trail. It is there that the record reflects that there were clear warning signs that comply in fact and in law with a resort operator's duty to patrons.

In opposition to the defendants' motion for summary judgment, the plaintiff's expert failed to raise a triable issue with respect to the adequacy of these warning signs. The signage was clear. The plaintiff should have heeded it, and he could have avoided the Eisenhower trail. Therefore, any issue generated by the experts about the latent and inherent danger of the double fall line or the artificial snow making on the Eisen-

hower trail (*see Younger v Hunter Mtn. Ski Bowl*, 1995 WL 170269, 1995 US DIST Lexis 4540 [ND NY Mar. 31, 1995]), is irrelevant here.

Finally, the Supreme Court erred in denying the unopposed branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant President's Bowl, Inc., an out-of-possession landlord. Feuerstein, J.P., S. Miller, McGinity and Crane, JJ., concur.