Order, Supreme Court, Bronx County (Mary Ann BriganttiHughes, J.), entered August 3, 2012, which denied defendants’ motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Flaintiff alleges that she slipped and fell in defendants’ bowling alley as she started to throw the ball, because her bowling shoes became wet after she twice walked over a soaking wet carpet near the establishment’s entrance. Defendants submitted evidence showing that plaintiff left the bowling alley wearing her bowling shoes, while it was raining outside, and then returned a short time later to resume bowling.
*524 The court properly denied defendants’ motion for summary judgment because the record presents issues of fact, including whether there was a wet carpet by the entrance of the bowling alley, which created a risk that was unique and resulted in a dangerous condition over and above the usual dangers inherent in bowling (see Allwood v CW Post Coll., 190 AD2d 704 [2d Dept 1993]). Although plaintiff testified she had bowled several times before, there is a question as to whether she knew her shoes were wet when she approached the lane and whether she appreciated the heightened risk of bowling with wet shoes (see Radwaner v USTA Natl. Tennis Ctr., 189 AD2d 605 [1st Dept 1993]; Kremerov v Forest View Nursing Home, Inc., 24 AD3d 618 [2d Dept 2005]). Plaintiffs conduct in attempting to bowl while her shoes were wet is merely one factor relevant in the assessment of her culpable conduct (see CPLR 1411).
Furthermore, while defendants presented evidence that they had no actual or constructive notice that the carpet was wet since it was observed to be dry shortly before and after the accident, plaintiff’s conflicting testimony concerning the wet condition of the carpet presents a question of fact as to whether defendants had constructive notice of the wet carpet (see Fundaro v City of New York, 272 AD2d 516 [2d Dept 2000]). Concur — Mazzarelli, J.P., Saxe, Moskowitz, DeGrasse and Gische, JJ.