Martin v City of New York (2018 NY Slip Op 07946)





Martin v City of New York


2018 NY Slip Op 07946


Decided on November 20, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 20, 2018

Renwick, J.P., Richter, Tom, Kern, Oing, JJ.


7661 158874/12

[*1]Rory Martin, et al., Plaintiffs-Appellants,
v
The City of New York, Defendant-Respondent.


The Taub Law Firm, P.C., New York (Bruce E. Wingate of counsel), for appellants.
Zachary W. Carter, Corporation Counsel, New York (Diana Lawless of counsel), for respondent.



Order, Supreme Court, New York County (W. Franc Perry, J.), entered June 23, 2017, which granted defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion denied.
Plaintiff Rory Martin was injured when, while playing softball on defendant's field, he unsuccessfully attempted to jump over a hole that was in the field near home plate. Plaintiff testified at his 50-h hearing that a six-inch-deep hole, three-to-four feet long, and four-to-five feet wide, near the right hand batter's box, had been filled in with loose clay and appeared to be level when he stepped into the batter's box. After plaintiff safely reached first base and additional players used the batter's box, the hole became more exposed and surprised plaintiff as he ran home to try to score. When plaintiff saw the size of the hole and attempted to jump over it, his left foot struck a clay-obscured edge of the hole, causing him to suffer a fractured ankle.
Under the circumstances presented, triable issues exist as to whether the City had notice of this particular defect, and, if so, whether the City negligently or improperly repaired the defect, whether the playing field was as safe as it appeared to be, whether plaintiff's injury arose as a consequence of a condition or practice common to the particular sport, and whether plaintiff assumed the risk of playing on the subject field (see Zelkowitz v Country Group, Inc., 142 AD3d 424, 427-428 [1st Dept 2016]; Henig v Hofstra Univ., 160 AD2d 761 [2d Dept 1990]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 20, 2018
CLERK