ALFRED F. SCHMIDT, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 29774.)

Court of Claims, November 3, 1950.

*Joseph R. Shaughnessy* for claimant.

*Nathaniel L. Goldstein, Attorney-General (Burns F. Barford* of counsel), for defendant.

GORMAN, J. The present claim arises out of an accident which occurred on February 26, 1949, at Jones Beach State Park. The park is owned and operated by the State of New York for the benefit and recreation of its citizens. One of its facilities consists of an outdoor roller skating rink to which an admission fee of twenty-five cents is charged.

On the afternoon in question, while claimant and a girl companion, both experienced skaters, were skating around this rink, they tripped over a raised metal strip which protruded above the surface of the rink, and fell to the ground, the claimant sustaining a severe injury to his wrist.

The concrete surface of this outdoor rink was divided into numerous blocks between which were embedded brass strips which acted as expansion joints. It was over one of these strips which protruded from between two of the blocks that claimant and his companion tripped. On at least two occasions prior to February 26, 1949, to the knowledge of the foreman of games at Jones Beach, who had supervisory duties over this rink, these metal strips had protruded above the surface of the rink and had been hammered down by a park attendant. Upon being shown the protruding strip on the afternoon following the accident, the foreman instructed an attendant to remedy the condition by inserting a small piece of wood between the metal strip and the concrete before hammering down the strip.

The proprietor of a place of public amusement owes to his patrons the duty of maintaining and operating its facilities with reasonable care. (*O'Toole* v. *Thousand Is. Park Assn.,* 206 App. Div. 31; *Shields* v. *Van Kelton Amusement Corp.,* 228 N. Y. 396.) While he is not an insurer of the safety of those who

patronize his establishment, he must make certain that the premises are safe for their intended use. (*Ingersoll* v. *Onondaga Hockey Club*, 245 App. Div. 137.) As stated in *Brackins* v. *Olympia, Inc.* (316 Mich. 275), in which it was held that an unevenness of approximately one inch between sections of a roller skating rink floor constituted a dangerous condition, " Plaintiff was an invitee and, while defendant was not an insurer of his safety, the duty rested on it to maintain its floor in a reasonably safe condition for the purpose for which it was used." (P. 278.)

While claimant may have assumed the risks reasonably incident to the pastime of roller skating, he could assume that he would not incur any risk from an unsafe condition of the rink of which he had no knowledge, but which might reasonably have been anticipated by the proprietor of the rink. (*Barrett* v. *Lake Ontario Beach Improvement Co.*, 174 N. Y. 310.)

The record herein discloses that on at least two occasions prior to the present accident, these metal strips had become loosened and protruded above the rink surface to the knowledge of the park authorities. Armed with such knowledge, a reasonably prudent person could have anticipated that such a condition would again occur, creating a dangerous obstruction on a supposedly smooth skating surface. The State, knowing that these strips had protruded in the past, was under a positive duty to take effective means to remedy the situation. The only evidence introduced by the State to show how it had attempted to repair the condition was the obviously ineffective method of inserting a small piece of wood between the metal strip and the cement before hammering the strip back into place. It is our belief that such procedure did not constitute the degree of care commensurate with proper and adequate maintenance under the circumstances.

As a result of the accident, claimant sustained a comminuted fracture of the distal end of the radius, involving the radial carpel joint and the radial ulna joint. This fracture necessitated an operation in which the lower end of the ulna was removed and the fragments of the radius reduced to their normal position. He was hospitalized for several days and his arm was in a cast for a period of twelve weeks, during which time he suffered pain and discomfort and was handicapped in the performance of his duties as a secretary.

The State of New York, through its agents and employees, having failed to maintain the outdoor roller skating rink at

Jones Beach State Park in a reasonably safe condition for its intended use, the claimant being free from contributory negligence is entitled to recover the sum of $1,660 for the injuries which he sustained as a result of this negligence.

Let judgment be entered accordingly.