■ DENNIS STONE et al., Appellants, v PLATTSBURGH SPEEDWAY, INC., et al., Respondents.—Levine, J. Appeals (1) from an order of the Supreme Court (Ryan, Jr., J.), entered April 5, 1989 in Clinton County, which granted defendants' motion for summary judgment dismissing the complaint, and (2) from the judgment entered thereon.

This action was commenced by plaintiff Dennis Stone (hereinafter plaintiff) and his wife to recover for injuries sustained by plaintiff while participating in a stockcar race at defendant Airborne Park Speedway (hereinafter defendant) on August 13, 1983. Plaintiff alleged that the accident occurred when he

hit a large depression or hole which existed in turn one of the racetrack, causing his car to bounce sideways and slide toward the top of the track. Plaintiff's vehicle was then struck by another car.

Following joinder of issue and pretrial discovery, defendants moved for summary judgment dismissing the complaint on the ground that plaintiff had assumed all of the risks of his voluntary participation in the automobile race. In support of the motion, defendants submitted excerpts from plaintiff's deposition testimony indicating that plaintiff had raced at this particular track on approximately 10 prior occasions and knew that since it had a clay surface, small holes and bumps were to be expected. In addition, plaintiff testified that, on the day in question, he had noticed nothing unusual about the track during his warm-up laps and the qualifying race. However, during the feature race, plaintiff became aware of the hole and testified that he hit the hole several times immediately prior to his accident as he lapped around the track. Plaintiff testified that the hole was "a good sized one * * * if you didn't hit it just right you didn't know how you were coming out or if you were going to be straight or * * * sideways or * * * fly up in the air or what the hell you were going to do". Plaintiff further stated that he was hitting the hole so hard that he was afraid it would break the front end of his car and that "it was frigging [him] up, turning [him] this way or that way".

Plaintiff opposed the motion for summary judgment on the ground that the hole he hit was unusually large and not one of the ordinary risks encountered in racing on a clay track. Plaintiff relied on the deposition testimony of defendant's flagman, who estimated the hole to be 4 to 5 feet in diameter and 8 to 12 inches deep, and the testimony of defendant's chief steward acknowledging that a large hole is "abnormal". In addition, plaintiff submitted the affidavit of an engineering expert in which he averred that even an experienced race car driver would not expect to encounter a hole of that size on a clay track.

Supreme Court granted defendants' motion for summary judgment and dismissed the complaint. This appeal by plaintiff ensued.

There should be an affirmance. Viewing the evidence in the light most favorable to plaintiff and accepting plaintiff's contention that the hole was larger than that normally encountered on clay racetracks, plaintiff's deposition testimony re-

veals that he became aware of the hole at the outset of the feature race and appreciated the fact that hitting it could cause him to lose control of the vehicle. This evidence establishes that plaintiff assumed the risk by continuing in the race and/or failing to take action to avoid the hole.

In our view, this case is analogous to *Maddox v City of New York* (66 NY2d 270) in which the Court of Appeals affirmed the granting of summary judgment against the plaintiff, a professional baseball player, holding that he had assumed the risks of playing on a wet and slippery field, as a matter of law, where the evidence was undisputed that the plaintiff was aware of the poor field conditions and yet continued to play in the game.

Furthermore, it was plaintiff's burden to come forward with evidence that, once he was aware of the hole on the track and appreciated the dangers it represented, he was unable to change lanes or withdraw from the race *(see, Zuckerman v City of New York,* 49 NY2d 557, 562). Since nothing in the record suggests that this was the case, defendants' motion was properly granted *(see, Maddox v City of New York, supra,* at 279).

Finally, we conclude that all of plaintiff's causes of action were properly dismissed since plaintiff failed to set forth any factual allegations supporting the existence of duties on defendants' part to, *inter alia,* inspect plaintiff's car prior to the race, conduct prerace briefings, or train or instruct plaintiff. Nor do we find any basis to conclude that such alleged negligent acts or omissions by defendants were a proximate cause of plaintiff's accident or injuries.

Order and judgment affirmed, without costs. Mahoney, P. J., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.