■ Michael Hoffman et al., Respondents, v City of New York, Appellant.—In a negligence action to recover damages for personal injuries, etc., the defendant appeals from a judgment of the Supreme Court, Kings County (Huttner, J.), entered February 10, 1989, which, upon a jury verdict, is in favor of plaintiff Michael Hoffman and against it in the principal sum of $144,870, and in favor of plaintiff Kristine Hoffman and against it in the principal sum of $18,000.

Ordered that the judgment is reversed, on the law, with costs, and the complaint is dismissed.

In general, a person who is injured while voluntarily participating in a sporting event has no legal recourse if his injuries were caused by an occurrence or condition which was a " 'known, apparent or reasonably foreseeable consequenc[e] of the participation' " *(Benitez v New York City Bd. of Educ.,* 73 NY2d 650, 657, quoting from *Turcotte v Fell,* 68 NY2d 432, 439). On the other hand, such an injured person may have a remedy sounding in tort, if the injuries are shown to have resulted from an occurrence or condition which was not a foreseeable consequence of participation in the particular sport in question. In other words, the doctrine of assumption of the risk does not serve as a bar to the imposition of liability where the injury causing risk was "unassumed, concealed, or unreasonably increased" *(Benitez v New York City Bd. of Educ., supra,* at 658; *see also, Henig v Hofstra Univ.,* 160 AD2d 761).

In the present case, the plaintiff, Michael Hoffman, who was serving as the catcher for an amateur baseball team, was injured when a member of the opposing team slid into home plate in an attempt to score from second base. The plaintiff Michael Hoffman testified that he caught the ball thrown to him from first base, that he turned to intercept the runner, and that as he did so, he caught his foot in a hole located between 6 and 12 inches from home plate. The plaintiff Michael Hoffman claims that he was consequently unable to position himself so as to avoid the full impact of the oncoming runner.

Under these circumstances, the central factual issue to be decided was whether the hole in question was a "concealed" or an "unassumed" risk. Since the plaintiff Michael Hoffman admitted that he noticed the existence of the hole in question before the start of the game, and since he admitted that he knew that there were holes scattered throughout the playing field, it is clear that the injury-producing defect was not "concealed". Under these circumstances, the plaintiff Michael Hoffman must be viewed as having assumed the risks represented by the existence of this hole. Application of the doctrine of assumption of the risk, therefore, warrants dismissal of the complaint *(see also, Stone v Plattsburgh Speedway,* 163 AD2d 769; *Drew v State of New York,* 146 AD2d 847). Bracken, J. P., Kunzeman, Sullivan and Rosenblatt, JJ., concur.