■ JOSE MORALES, an Infant, by His Mother and Natural Guardian, DOLORES DIAZ, et al., Respondents, v NEW YORK CITY HOUSING AUTHORITY, Appellant.—Order, Supreme Court, New York County (Robert White, J.), entered May 1, 1992 which denied the defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, and the complaint dismissed, without costs. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint.

Plaintiffs' claims arise from a September 18, 1983 incident in which Jose Morales, then 14 years of age, allegedly slipped and fell in a pool of water which had flowed from a building owned and operated by the defendant New York City Housing Authority. Plaintiff allegedly sustained a triplane fracture of the right ankle, which required surgery and resulted in permanent disability and scarring.

Plaintiffs, in response to a discovery demand, specified that a Housing Authority maintenance man, named Garcia, had left a water faucet running in a utility room and that the water eventually spilled out from under the door of the utility room and flooded the area adjacent to the building. At a hearing pursuant to General Municipal Law § 50-h and at his deposition, Morales testified that at approximately 6:30 P.M. on the date in question he met two friends in front of defendant's building and started to play football on the grassy area near the building, which he had observed was wet, muddy and slippery. Morales stated that he was injured at approximately 7:00 P.M. when he stepped to his right to catch a pass, slipped and fell to the ground.

While the doctrine of assumption of risk is no longer an absolute defense *(see,* CPLR 1411), it is necessary and proper, when measuring a defendant's duty to a plaintiff, to consider the risks assumed by the plaintiff *(Turcotte v Fell,* 68 NY2d

432, 438). "As a general rule, participants properly may be held to have consented, by their participation, to those injury-causing events which are known, apparent or reasonably foreseeable consequences of their participation." *(Supra,* at 439.) Participants do not, however consent to acts which are reckless or intentional *(supra).* Awareness of the risk assumed is to be assessed against a background of the skill and experience of the particular plaintiff *(Benitez v New York City Bd. of Educ.,* 73 NY2d 650, 657). Accordingly, minors of approximately the same age as the infant plaintiff herein, have been held competent to perceive the apparent or reasonable risks inherent in an activity and, by their participation, to have consented to the reasonably foreseeable consequences *(e.g., Sutfin v Scheuer,* 74 NY2d 697; *Benitez v New York City Bd. of Educ., supra).*

Morales testified that he knew that the area he was about to play on was wet, muddy and slippery. We find that this plaintiff, by engaging in a game of football under such conditions, was aware of and therefore assumed, the risk of slipping and falling as he attempted to catch a pass *(cf., Gallagher v Town of N. Hempstead,* 144 AD2d 637). Concur—Carro, J. P., Wallach, Ross and Asch, JJ.