■ MICHELE SCHIFFMAN, Respondent, v JOHN SPRING et al., Appellants. [609 NYS2d 482] —Order unanimously reversed on the law without costs, motion granted and complaint dismissed. Memorandum: Supreme Court should have granted the motion of defendants, John Spring and Fred Bright, for summary judgment dismissing the complaint.

Plaintiff, a member of the women's varsity soccer team at the State University of New York at Brockport, was injured on September 22, 1987, when her foot became stuck in mud on the playing field while she was participating in a soccer game held at the State University of New York at Geneseo (Gene-

seo). Plaintiff alleged that Spring and Bright, the athletic director at Geneseo and the coach of the Geneseo women's varsity soccer team, respectively, were negligent in electing to hold the soccer game on a field that was wet, slippery and muddy. Plaintiff testified at an examination before trial that, before play commenced, she was aware of the condition of the surface of the playing field. Additionally, plaintiff testified that she and other members of the team discussed that condition and complained about it to their coach. Nonetheless, plaintiff voluntarily elected to participate in the game and played the first half without incident. She voluntarily returned to the field to play the second half. Plaintiff sustained her injury shortly after the second half commenced.

"As a general rule, participants properly may be held to have consented, by their participation, to those injury-causing events which are known, apparent or reasonably foreseeable consequences of the participation" (Turcotte v Fell, 68 NY2d 432, 439; see, Maddox v City of New York, 66 NY2d 270, 277-278; Lamey v Foley, 188 AD2d 157, 163). On the other hand, a defendant generally has a duty to exercise reasonable care to protect such participants from "unassumed, concealed or unreasonably increased risks" (Benitez v New York City Bd. of Educ., 73 NY2d 650, 658). "To establish plaintiff's assumption of risk, a defendant must show that plaintiff was aware of the defective or dangerous condition and the resultant risk, although it is not necessary to demonstrate that plaintiff foresaw the exact manner in which his injury occurred" (Lamey v Foley, supra, at 164, citing Maddox v City of New York, supra, at 278). Whether that conclusion can be made depends on "the openness and obviousness of the risk, plaintiff's background, skill, and experience, plaintiff's own conduct under the circumstances, and the nature of defendant's conduct" (Lamey v Foley, supra, at 164; see, Benitez v New York City Bd. of Educ., supra, at 657-658; Turcotte v Fell, supra, at 440, 442). "Perhaps the most important factor, however, is whether the risk is inherent in the activity" (Lamey v Foley, supra, at 164).

Defendants sustained their initial burden on their motion for summary judgment. They submitted evidentiary proof in admissible form to establish that plaintiff voluntarily participated in the soccer game, fully aware of the condition of the playing field and of the risk of injury. Defendants' proof established that plaintiff's injury "was not the consequence of a failed duty of care on the part of the defendants" (Benitez v New York City Bd. of Educ., supra, at 658) but was "a luckless accident arising from the vigorous voluntary participation in

competitive interscholastic athletics" *(Benitez v New York City Bd. of Educ., supra,* at 659). In opposition to the motion, plaintiff failed to raise a triable issue of fact whether defendants breached their duty to exercise reasonable care to protect plaintiff from "unassumed, concealed or unreasonably increased risks" *(Benitez v New York City Bd. of Educ., supra,* at 658). Plaintiff failed to dispute defendants' proof that she voluntarily participated in the soccer game with knowledge and appreciation of the risks inherent in playing on a field that was wet, slippery and muddy. (Appeal from Order of Supreme Court, Monroe County, Siragusa, J.—Summary Judgment.) Present—Pine, J. P., Fallon, Callahan, Davis and Boehm, JJ.