■ HECTOR GONZALEZ, an Infant, by His Mother and Natural Guardian, DORIS VEGA, et al., Appellants, v CITY OF NEW YORK, Respondent, ST. SAVIOR CHURCH, Appellant, et al., Defendant. [610 NYS2d 569] —In an action to recover damages for personal injuries, etc., the plaintiffs and the defendant St. Savior Church appeal from an order of the Supreme Court, Kings County (Hutcherson, J.), dated February 7, 1992, which granted the motion of the defendant City of New York for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is affirmed, with one bill of costs payable by the appellants appearing separately and filing separate briefs.

The infant plaintiff was injured while sliding into home plate during the course of a baseball game in Prospect Park. The plaintiffs theorize that this injury was caused by a defect in the playing field surrounding home plate. In light of the fact that the infant plaintiff acknowledged that he had observed the alleged defect prior to the accident, we conclude that he assumed the risk inherent in sliding into home plate,

notwithstanding the presence of this defect, so that he is precluded from recovery against the City of New York, the alleged owner of the property *(see, Benitez v New York City Bd. of Educ.,* 73 NY2d 650, 657; *Morales v New York City Hous. Auth.,* 187 AD2d 295). Because the City of New York, as a matter of law, cannot be liable to the plaintiffs, and because there is no proof of any duty owed by the City of New York directly to the codefendant St. Savior Church, it follows that the City of New York cannot be liable to this codefendant based on standard theories of contribution *(see,* CPLR 1401; *see also, Nassau Roofing & Sheet Metal Co. v Facilities Dev. Corp.,* 71 NY2d 599; *Schauer v Joyce,* 54 NY2d 1, 5; *DiMarco v New York City Health & Hosps. Corp.,* 187 AD2d 479; *Sutherland v Hallen Constr. Co.,* 183 AD2d 887, 889-890; *Diven v Village of Hastings-on-Hudson,* 156 AD2d 538). Bracken, J. P., Miller, Copertino, Santucci and Altman, JJ., concur.