■ JAMES GREENBERG, an Infant, by His Mother and Natural Guardian, BARBARA GREENBERG, et al., Respondents, v NORTH SHORE CENTRAL SCHOOL DISTRICT No. 1, Appellant. [619 NYS2d 151] —In an action to recover damages for personal injuries, etc., the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Brucia, J.), dated May 6, 1993, as denied its cross motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the cross motion for summary judgment is granted, and the complaint is dismissed.

The record demonstrates that the plaintiff James Greenberg assumed the risk of the injuries which he sustained while voluntarily participating in an intramural hockey game *(see, Cassese v Ramapo Ice Rinks,* 208 AD2d 488; *Bua v South Shore Skating,* 193 AD2d 774; *see, Benitez v New York City Bd. of Educ.,* 73 NY2d 650; *Ferraro v Town of Huntington,* 202 AD2d 468; *Hoffman v City of New York,* 172 AD2d 716, 717). Moreover, and contrary to the plaintiffs' contentions, the record failed to establish material questions of fact with respect to the assertion that the defendant breached any duty to James Greenberg in conducting and supervising the game *(see, Cassese v Ramapo Ice Rinks, supra; Kleiner v Commack Roller Rink,* 201 AD2d 462; *cf., Baker v Briarcliff School Dist.,* 205 AD2d 652; *see also, Wilson v DeAngelis,* 161 AD2d 709, 710). Thompson, J. P., Lawrence, O'Brien and Krausman, JJ., concur.