■ SUSAN REILLY et al., Respondents, v LONG ISLAND JUNIOR SOCCER LEAGUE, INC., et al., Appellants. [627 NYS2d 784] —In an

action to recover damages for personal injuries, etc., the appeals are from an order of the Supreme Court, Suffolk County (Doyle, J.), dated November 17, 1993, which denied the respective motions of the defendants Long Island Junior Soccer League, Inc., and Northport/Cow Harbor United Soccer Club, and the defendant Long Island Soccer Referee's Association for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with one bill of costs, the motions are granted, and the complaint is dismissed.

The plaintiff Susan Reilly slipped in a mud puddle and injured herself while playing soccer in a league soccer game. She thereafter commenced this action against the defendants alleging, *inter alia,* that the defendants permitted the game to be played when the playing field was unsafe. According to the plaintiffs, it was raining prior to and during the game and the field was covered with mud puddles. Although the plaintiff Susan Reilly was aware of these conditions, she chose to play anyway and injured herself during the game. Notably, the injured plaintiff had played in rainy conditions in the past and had played on the soccer field where the accident occurred on some 30 separate occasions. She had also participated in league soccer games for some seven years and had competed in junior high school soccer programs.

The record demonstrates that the alleged injury-producing condition was not concealed and that the injured plaintiff was fully aware of its existence prior to her voluntary participation in the game *(see, Schiffman v Spring,* 202 AD2d 1007; *Morales v New York City Hous. Auth.,* 187 AD2d 295; *see also, Benitez v New York City Bd. of Educ.,* 73 NY2d 650; *Turcotte v Fell,* 68 NY2d 432; *Ferraro v Town of Huntington,* 202 AD2d 468; *Greenberg v North Shore. Cent. School Dist. No. 1,* 209 AD2d 669; *Bryne v Westchester County,* 178 AD2d 575). Moreover, the plaintiff was an experienced soccer player who had competed in inclement weather and played on the very same field on many prior occasions *(cf., Weithofer v Unique Racquetball & Health Clubs,* 211 AD2d 783). Since the plaintiff voluntarily assumed the foreseeable risk that she might slip on the playing field while participating in the game, the doctrine of assumption of the risk warrants the granting of judgment to the defendants *(see, Greenberg v North Shore Cent. School Dist. No. 1, supra; Cassese v Ramapo Ice Rinks,* 208 AD2d 488; *Gonzalez v City of New York,* 203 AD2d 421; *Morales v New York City Hous. Auth., supra; Russini v Incorporated Vil. of Mineola,* 184 AD2d 561; *Hoffman v City of New York,* 172 AD2d 716). Sullivan, J. P., Rosenblatt, O'Brien and Thompson, JJ., concur.