■ EDWARD SHELMERDINE, Respondent, v TOWN OF GUILDER-LAND, Appellant. [636 NYS2d 213] —White, J. Appeal from an order of the Supreme Court (Harris, J.), entered December 9, 1994 in Albany County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff, an experienced soccer player, was injured during a match when he collided with an opposing player while attempting to make a head shot. As plaintiff was positioning himself to rise in the air to hit the ball with his head, he felt his foot drop into a shallow depression causing him to lose his balance and collide with another player, resulting in injuries to his face. Subsequently, plaintiff determined that he had slipped on a sprinkler-head drain cover that was approximately eight inches in diameter and covered with grass as it was about two inches below ground level. Plaintiff commenced this action alleging that defendant was negligent in permitting a dangerous, defective and unsafe condition to exist. After the completion of discovery, defendant moved for summary judgment dismissing the complaint on the ground that plaintiff assumed the risk of injury. Supreme Court, finding an issue of fact as to whether the drain cover was concealed and unobservable and thus not a known, apparent or reasonably foreseeable risk of participation, denied the motion. Defendant appeals.

As a general rule, participants in a sporting event may be held to have consented to those injury-causing events which are known, apparent or reasonably foreseeable (*see, Turcotte v Fell*, 68 NY2d 432, 439). When the sporting event is played on

a field, the risks assumed include those involved in the construction of the field (*see, Maddox v City of New York*, 66 NY2d 270, 277). Thus, summary judgment has been awarded to the defendants where their proof showed that the plaintiff noticed depressions throughout the baseball infield and near the bases, even though he did not observe the particular hole in which he fell (*see, Russini v Incorporated Vil. of Mineola*, 184 AD2d 561, 562); where the plaintiff observed the alleged defect in the playing field prior to his accident (*see, Gonzalez v City of New York*, 203 AD2d 421); where the plaintiff before the start of the game knew there were holes scattered throughout the playing field (*see, Hoffman v City of New York*, 172 AD2d 716, 717, *lv denied* 78 NY2d 859); and where the plaintiffs were aware of the wet and muddy condition of the field (*see, Reilly v Long Is. Jr. Soccer League*, 216 AD2d 281, 282; *Schiffman v Spring*, 202 AD2d 1007, 1008; *Morales v New York City Hous. Auth.*, 187 AD2d 295, 296).

Defendant's proof in support of its motion brought this case within these precedents. Specifically, plaintiff's testimony at the General Municipal Law § 50-e hearing showed that he had played on defendant's fields at least 100 times and, although he had not previously played on the field where the accident occurred, he had observed drain covers on that field similar to the ones on the field he usually played on. Defendant also established that the drain covers it used were the standard used in the industry, that they were located at regularly spaced intervals and had not been the cause of any complaints or prior accidents.

Other than conclusory allegations, plaintiff did not present any probative evidence that the use of these drain covers created an inherently dangerous condition (*compare, McCrorey v City of Buffalo*, 210 AD2d 908). Therefore, Supreme Court should have granted defendant's motion since it established that, because of his awareness of the drain covers, plaintiff assumed the risk of being injured by one of them (*see, Russini v Incorporated Vil. of Mineola, supra; Hoffman v City of New York, supra*). Accordingly, we reverse.

Mercure, J. P., Crew III, Casey and Yesawich Jr., JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendant and complaint dismissed.