■ Ever Alvarez, Appellant, v Incorporated Village of Hempstead, Respondent. [637 NYS2d 463] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Segal, J.), dated November 15, 1994, as granted that branch of the defendant's cross motion which was for summary judgment dismissing the complaint pursuant to CPLR 3212 (b).

Ordered that the order is affirmed insofar as appealed from, with costs.

It is clear that the plaintiff, a seasoned soccer player who, by his own admission, had played soccer on approximately 25 prior occasions on the field where the accident occurred and who voluntarily participated in the game, assumed the foreseeable risk that he might be injured by running upon the uneven terrain of the ballfield (*see, Strauss v Town of Oyster Bay*, 201 AD2d 553, 534; *see also, Shelmerdine v Town of Guilderland*, 223 AD2d 875).

Moreover, the Village discharged its duty of making the premises as safe as they appeared to be (*see, Pascucci v Town of Oyster Bay*, 186 AD2d 725). Bracken, J. P., Miller, Joy, Hart and Krausman, JJ., concur.