■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERICANDER STEVENSON, Appellant. [638 NYS2d 639]

Defendant's motion to suppress was properly denied upon the ground that the police had probable cause to arrest him once defendant fired a gun at them. With deference to the hearing court's role in resolving issues of credibility (*see, People v Prochilo*, 41 NY2d 759, 761), we find that the officer's testimony that defendant had fired a gun was not incredible (*see, People v Garafolo*, 44 AD2d 86, 88). Concur—Murphy, P. J., Sullivan, Wallach, Ross and Williams, JJ.

■ ALISON CHIMERINE, Appellant, v WORLD CHAMPION JOHN CHUNG TAE KWON DO INSTITUTE et al., Respondents. [638 NYS2d 474]

Plaintiff, by her voluntary participation as a student in martial arts classes conducted by defendants, consented to the activity resulting in her injury, the risk of which was a foreseeable consequence of her participation (*see, Turcotte v Fell*, 68 NY2d 432, 439; *Morales v New York City Hous. Auth.*, 187 AD2d 295). Moreover, there was no evidence that defendants breached a duty of care owed to plaintiff. Concur—Murphy, P. J., Sullivan, Wallach, Ross and Williams, JJ.