■ NICOLE GAHAN et al., Respondents, v MINEOLA UNION FREE SCHOOL DISTRICT, Defendant, and ISLAND PARK UNION FREE SCHOOL DISTRICT et al., Appellants. [660 NYS2d 144] —In an action to recover damages for personal injuries, etc., (1) the defendant Island Park Union Free School District appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (DiNoto, J.), dated May 22, 1996, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and (2) the defendant West Hempstead Public Schools separately appeals, as limited by its brief, from so much of the same order as denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from by Island Park Union Free School District and the motion by Island Park Union Free School District for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is granted; and it is further,

Ordered that the order is modified by deleting therefrom the provision denying that branch of the motion by West Hempstead Public Schools which was for summary judgment dismissing the complaint insofar as asserted against West Hempstead High School except to the extent that it is alleged that the softball coach of West Hempstead High School and others negligently moved the plaintiff Nicole Gahan after she was injured, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from by West Hempstead Public Schools; and it is further,

Ordered that the appellants are awarded one bill of costs.

The injured plaintiff, Nicole Gahan, a member of the West Hempstead High School softball team, allegedly stepped in a hole by home plate while batting in a softball game, causing injury to her right leg. After depositions were taken, each of the defendant school districts moved for summary judgment, asserting, *inter alia,* that the injured plaintiff had assumed the risk. The Supreme Court denied the motions, finding, without explanation, material issues of fact requiring trial. The ensuing appeal concerns only the denial of the motions by the Island Park Union Free School District (hereinafter Island Park) and West Hempstead Public Schools (hereinafter West Hempstead).

Although the doctrine of assumption of the risk is no longer an absolute defense in New York *(see,* CPLR 1411), it is necessary and proper to consider the risks assumed by the injured plaintiff when assessing the defendants' duty of care *(see, Turcotte v Fell,* 68 NY2d 432, 438; *Morales v New York City Hous. Auth.,* 187 AD2d 295). It is well established that those who voluntarily participate in sports activities generally consent, by their participation, to those injury-causing events and conditions which are known, apparent, or reasonably foreseeable consequences of the participation *(see, Turcotte v Fell, supra,* at 439; *Hoffman v City of New York,* 172 AD2d 716, 717). Participants do not, however, consent to reckless or intentional acts *(see, Benitez v New York City Bd. of Educ.,* 73 NY2d 650, 657, quoting *Turcotte v Fell, supra).* Awareness of the risk assumed involves consideration of various factors, and must be assessed against the background of the skill and experience of the particular plaintiff in the activity involved *(see, Maddox v City of New York,* 66 NY2d 270, 278; *Kennedy v Rockville Centre Union Free School Dist.,* 186 AD2d 110, 111).

The injured plaintiff was an experienced softball player who had played organized softball for approximately six years prior to the date of her injury. Additionally, she testified that her

participation in the game was purely voluntary and that she knew she could be injured during the course of play. The injured plaintiff further acknowledged that she noticed the existence of the hole in question as the umpire cleared the plate when she was preparing for her turn at bat, and that she was aware there were "lot[s] of holes" in the outfield, "like ditches", and that people were having problems running. By continuing her participation in the game under such circumstances, the injured plaintiff knowingly assumed the risk of stepping in the hole and injuring her leg while batting *(see, Gonzalez v City of New York,* 203 AD2d 421, 421-422; *Morales v New York City Hous. Auth., supra; Hoffman v City of New York, supra,* at 717).

However, with respect to the injured plaintiff's additional claim that the coaches exacerbated her injury by moving her before medical personnel arrived, we find that an issue of fact exists requiring trial. Although the injured plaintiff was an experienced softball player who assumed the risks of injury that ordinarily attend softball games, her submissions were sufficient to create a question of fact as to whether the alleged negligence, if any, of her coach and others in moving her after the incident created additional risks which were unassumed and which ultimately served to aggravate her injury *(see, Owen v R.J.S. Safety Equip.,* 79 NY2d 967, 970).

Finally, since the injured plaintiff passed from the custody and control of Island Park to the custody and control of West Hempstead when she entered the ninth grade *(see,* Education Law § 2040 [1] [c]), and since there is no evidence on the record that Island Park undertook any special obligation with respect to the injured plaintiff's participation in extracurricular sporting events, Island Park, as a matter of law, cannot be held directly liable to the injured plaintiff for her injuries *(see, Chainani v Board of Educ.,* 87 NY2d 370; *Kennedy v Waterville Cent. School Dist.,* 172 AD2d 1019). The plaintiffs' related contention that Island Park is vicariously liable is similarly without merit *(see, Chainani v Board of Educ., supra,* at 380-382). Bracken, J. P., Copertino, Santucci and McGinity, JJ., concur.