■ CHRISTIE SIMMONS et al., Respondents, v SMITHTOWN CENTRAL SCHOOL DISTRICT, Appellant, and METRO/LONG ISLAND AMATEUR SOFTBALL ASSOCIATION, Respondent. [707 NYS2d 646] —In a negligence action to recover damages for personal injuries, etc., the defendant Smithtown Central School District appeals from an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated April 9, 1999, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it or, in the alternative, for summary judgment on its cross claim for indemnification.

Ordered that the appeal from so much of the order as denied

that branch of the motion of the defendant Smithtown Central School District which was for summary judgment in its favor on the cross claim for indemnification is dismissed as withdrawn pursuant to the appellant's letter dated February 24, 2000; and it is further,

Ordered that the order is affirmed insofar as reviewed, with costs.

The injured plaintiff was hurt when she slid into a metal spike positioned in the base path of a softball field owned by the defendant Smithtown Central School District (hereinafter the School District). The spike was in place to secure stationary bases, but the School District had removed the stationary bases before the injured plaintiff's game. The moveable sack bases were being used during the game in which the injured plaintiff was participating.

The evidence submitted by the School District in support of its motion for summary judgment failed to establish that the injured plaintiff assumed the risk of injury. The spike that caused her injury was concealed in the ground. There was no proof that she was aware of the existence of the spike on this particular field or that softball fields in general are constructed with spikes. Nor was there any proof that she was aware of the risk of injury associated with such spikes (*see, Benitez v New York City Bd. of Educ.,* 73 NY2d 650, 657; *Pascucci v Town of Oyster Bay,* 186 AD2d 725, 726; *Hoffman v City of New York,* 172 AD2d 716, 717). Thus, the School District failed to establish entitlement to judgment as a matter of law, requiring denial of its motion (*see, Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853). Sullivan, J. P., Florio, Luciano and Feuerstein, JJ., concur.