■ WILLIAM CLEMENTS et al., Appellants, v SKATE 9H REALTY, INC. et al., Respondents. [714 NYS2d 836] —Mercure, J. P. Appeal from an order of the Supreme Court (Connor, J.), entered November 1, 1999 in Columbia County, which granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff William Clements (hereinafter plaintiff) was injured when he fell while roller skating at a rink owned by defendants. According to plaintiff, he fell when he was skating slowly to exit the rink and his right skate caught in a hole in the floor. Plaintiff, and his wife derivatively, commenced this action to recover damages for his injuries. After joinder of issue and discovery, defendants moved for summary judgment dismissing the complaint on the ground that plaintiff had assumed the risk. Supreme Court granted the motion and plaintiffs appeal.

By voluntarily participating in a sporting activity, plaintiff is deemed to have assumed "those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation". (*Morgan v State of New York*, 90 NY2d 471, 484). Inasmuch as plaintiff's assumption of those risks is not an absolute defense but a measure of defendants' duty of care (see, *Benitez v City of New York*, 73 NY2d 650, 657), defendants were obligated to "exercise care to make the conditions as safe as they appear to be. If the risks of the activity are fully comprehended or perfectly obvious, plaintiff has consented to them and defendant[s have] performed [their] duty" (*Turcotte v Fell*, 68 NY2d 432, 439).

Relying on plaintiff's lack of roller skating experience, plaintiffs contend that he did not comprehend or appreciate the risk posed by the hole which allegedly caught his skate and caused him to fall. According to plaintiff's deposition testimony, 30 to 60 minutes elapsed between the time he first came on the skating floor and his fall. During this period, he came on and off the floor several times and noticed that the skating surface was "fairly bumpy throughout the ring [sic], a lot of little holes." Plaintiff's skating companions also testified that they observed holes and a crack in the skating surface.

The assumption of risk doctrine applies not only to any facet inherent in the sporting activity itself but also " 'to any open and obvious condition of the place where it is carried on' " (*Maddox v City of New York*, 66 NY2d 270, 277, quoting *Diderou v Pinecrest Dunes*, 34 AD2d 672, 673; *see, Shelmerdine v Town of Guilderland*, 223 AD2d 875). The deposition testimony of plaintiff and his skating companions demonstrates that the holes they observed in the skating surface constituted an open and obvious condition creating a risk of falling that was obvious to even a novice skater. Having elected to continue skating despite the open and obvious condition of the skating surface, plaintiff must be deemed to have assumed the obvious risk created by that condition (*see, Sykes v County of Erie*, 94 NY2d 912; *Retian v City of New York*, 259 AD2d 684, *lv denied* 93 NY2d 811; *Shelmerdine v Town of Guilderland, supra*).

Spain, Carpinello, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, with costs.