■ BRANDY KAISER, Respondent, v LAKESHORE YOUTH SOCCER ASSOCIATION et al., Appellants. [775 NYS2d 725]—

Appeals from an order of the Supreme Court, Erie County (Nelson H. Cosgrove, J.), entered June 14, 2002. The order denied defendants' motion and cross motion for summary judgment dismissing the complaint in a personal injury action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion and cross motion are granted and the complaint is dismissed.

Memorandum: Plaintiff, an 18-year-old goalkeeper on a girls youth traveling soccer team in defendant Lakeshore Youth Soc-

cer Association, commenced this action seeking to recover damages for injuries she sustained during a soccer scrimmage when she collided with an opposing player, defendant Roy Guarino, an adult male in his late forties. We conclude that Supreme Court erred in denying defendants' respective motion and cross motion for summary judgment dismissing the complaint. The record establishes that plaintiff assumed the risk of her injuries as a matter of law (*see Reilly v Long Is. Jr. Soccer League,* 216 AD2d 281, 282 [1995]; *Schiffman v Spring,* 202 AD2d 1007, 1008-1009 [1994]; *La Mountain v South Colonie Cent. School Dist.,* 170 AD2d 914, 915 [1991]; *see also Shelmerdine v Town of Guilderland,* 223 AD2d 875, 875-876 [1996]; *Alvarez v Incorporated Vil. of Hempstead,* 223 AD2d 663 [1996]; *see generally Marlowe v Rush-Henrietta Cent. School Dist.,* 167 AD2d 820 [1990], *affd* 78 NY2d 1096 [1991] *for reasons stated below; Benitez v New York City Bd. of Educ.,* 73 NY2d 650, 657-658 [1989]). Plaintiff was an experienced and accomplished soccer player who admittedly appreciated the risk of being injured as a result of colliding with another player, which is one of the " 'usual dangers that are inherent in the sport' " (*Morgan v State of New York,* 90 NY2d 471, 485 [1997]). Defendants neither concealed nor unreasonably increased those dangers (*see id.; Benitez,* 73 NY2d at 658), nor did they engage in intentional or reckless misconduct toward plaintiff (*see Turcotte v Fell,* 68 NY2d 432, 439-440 [1986]; *see also Glazier v Keuka Coll.,* 275 AD2d 1039 [2000]; *Barton v Hapeman,* 251 AD2d 1052 [1998]). Present—Pine, J.P., Hurlbutt, Kehoe, Lawton and Hayes, JJ.